JENNER & BLOCK LLP
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Andrew G. Sullivan (SBN 301122)
agsullivan@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

*Attorneys for Plaintiff and Counterdefendant*
*Synamedia Americas LLC*

BAKER & HOSTETLER LLP
Christina J. Moser (SBN 199027)
cmoser@bakerlaw.com
Jeremy Kai Len Chai (SBN 335250)
jchai@bakerlaw.com
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: +1 310 820 8800
Facsimile: +1 310 820 8859

*Attorneys for Defendant and Counterclaimant*
*DIRECTV, LLC*

<u>Additional Counsel Listed on Signature Page</u>

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SYNAMEDIA AMERICAS LLC, a Delaware limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, a California limited-liability company,<br><br>Defendant. | Case No. 2:24-cv-04967 GW (MAAx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: The Honorable Maria A. Audero |
| DIRECTV, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>SYNAMEDIA AMERICAS LLC,<br><br>Counterdefendant. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation and any subsequent appeal may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3 (Filing Protected Material), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and use for any purpose other than prosecution of this action and any subsequent appeal is warranted.  Special protection is warranted not only because access to the Parties' confidential information by their competitors would result in competitive harm, but also because a leak of confidential information could be exploited by hackers attempting to crack the encryption technology involved in this litigation.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third

parties), information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure the Parties are permitted reasonably necessary use of such material during litigation, in preparation for and in the conduct of trial, to address their handling at the end of the litigation, during any subsequent appeal, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. <u>DEFINITIONS</u>

3.1 <u>Action:</u> this pending federal lawsuit, *Synamedia Americas LLC v. DIRECTV, LLC, et al.*, U.S. District Court for the Central District of California Case No. 2:24-cv-04967 GW (MAAx), any related appellate proceedings, and any related inter partes or ex parte review proceedings.

3.2 <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 <u>Confidentiality Designations:</u> a Party or Non-Party's designation of confidential information or items under this Order as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS."

3.3.1 <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored, or maintained) or tangible things that

1     qualify for protection under Federal Rule of Civil Procedure 26(c),

2     and as specified above in the Good Cause Statement.

3     3.3.2 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4     Information or Items: sensitive, confidential, or proprietary technical,

5     business, or financial information that the Producing Party reasonably

6     believes in good faith will result in competitive or other harm if any

7     individual who is not entitled to review the material (such as business

8     and engineering employees of the other party) has access to it.

9     3.3.3 "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

10     ONLY" Information or Items: highly sensitive, confidential, or

11     proprietary technical, business, or financial information that the

12     Producing Party reasonably believes in good faith will result in

13     competitive or other harm if any individual employed by the other

14     party has access to the material.

15     3.3.4 "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY

16     ARTIFACTS" Information or Items: extremely sensitive

17     "Confidential Information or Items" representing computer code,

18     security artifacts, and associated comments and revision histories,

19     design documents, scripts, formulas, engineering specifications, or

20     schematics that define or otherwise describe in detail the algorithms or

21     structure of software, hardware, or security artifacts designs,

22     disclosure of which to another Party or Non-Party would create a

23     substantial risk of serious harm that could not be avoided by less

24     restrictive means.

25     3.4 Counsel: Outside Counsel of Record and House Counsel (as well as

26 their support staff).

27

28

3.5    Designated House Counsel:    House Counsel who seek access to "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" information in this matter.

3.6    Designating Party:    a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS."

3.7    Disclosure or Discovery Material:    all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8    Expert:    a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.9    House Counsel:    attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10    Non-Party:    any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11    Outside Counsel of Record:    attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff, researchers, associates, staff attorneys, counsel, of counsel, and other attorneys who have not entered an appearance in this Action but who are directly assisting an

attorney who has appeared in this Action and are employed by the law firms of record.

3.12    Party:    any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

3.13    Producing Party:    a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14    Professional Vendors:    persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15    Protected Material:    any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS."

3.16    Receiving Party:    a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

5.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.      DESIGNATING PROTECTED MATERIAL

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party who designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 6.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be designated clearly before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix, at a minimum, in the legend, "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "AEO legend"), "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (hereinafter "OAEO legend"), or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" (hereinafter "SOURCE CODE AND SECURITY ARTIFACTS legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

1. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or, if the inspection includes source code and related documents, "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine

which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend," "AEO legend," "OAEO legend," or "SOURCE CODE AND SECURITY ARTIFACTS legend," as applicable, to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by highlighting and/or making appropriate markings in the margins).

2.  For documents produced in native form, *e.g.*, Excel spreadsheets, the Producing Party must affix the "CONFIDENTIAL legend," "AEO legend," "OAEO legend," or "SOURCE CODE AND SECURITY ARTIFACTS legend" to a placeholder page designating a copy of the native version of the file and include the applicable legend in the file name of the produced document.

(b)     for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record whenever possible, but a Party or Non-Party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a Party or Non-Party will have until thirty (30) days after receipt of the deposition transcript to inform the Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE AND SECURITY ARTIFACTS." From the time of the deposition until the designation, the deposition and transcript shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or, if the subject matter of the deposition includes source code, "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS," unless otherwise agreed to by the Parties.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process, which shall comply with Civil Local Rule 37-1 et seq., and with

Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

      7.3   <u>Burden of Persuasion.</u>

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties), may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      8.1   <u>Basic Principles.</u>  A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   Additionally, a Party shall not share any documents designated at any level of Confidentiality under this Protective Order or information derived therefrom with potential individuals or entities the Party is considering acquiring or being acquired by or engaged in merger discussions with as well as affiliates of such entities.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

---

[1] Judge Audero's Procedures are available at
https://www.cacd.uscourts.gov/honorable-maria-audero.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner to ensure access is limited to the persons authorized under this Order.

*Any transmittal of information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," including via email among counsel of the same firm and/or their Experts, shall only be transmitted using Pretty Good Privacy ("PGP") encryption methods. Information designated "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" may never be stored or transmitted electronically by the Receiving Party as detailed below.*

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.5(a)(2), below, have been followed;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    with the exception of any witnesses who are included in category 8.2(b) *supra*, during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is

reasonably necessary for this litigation, and (3) as to whom the procedures set forth in paragraph 8.5(a)(1), below, have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.5(a)(2), below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or authorized recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or knew the information;

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.4     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) as to whom the procedures set forth in paragraph 8.5(a)(2), below, have been followed; and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters and their staff;

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  **However, "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" cannot be shown to or shared with these individuals**;

(f)    the author or authorized recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or knew the information;

(g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions. **However, "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" cannot be shown to or shared with these individuals.**

8.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 8.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"  or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" pursuant to paragraphs 8.2(c), 8.3(c), and 8.4(b) first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services,

including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives written approval, in which case the Protected Material may be disclosed immediately, or a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.6    SOURCE CODE AND SECURITY ARTIFACTS

(a)    To the extent production of source code or security artifacts becomes necessary in this case, a Producing Party may designate such documents or information as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" if it comprises or includes confidential, proprietary, or trade secret source code or security artifacts.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 8.4 and 8.5.

(c)    Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched (including with supporting documentation and files the Producing Party maintains alongside the material in the

ordinary course of business), during normal business hours or at other
mutually agreeable times, at an office of the Producing Party's counsel or
another mutually agreed upon location.  Material designated as "HIGHLY
CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS"
shall be made available for inspection on a secured computer in a secured
room without Internet access or network access to other computers, and the
Receiving Party shall not copy, remove, or otherwise transfer any portion of
the material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE
AND SECURITY ARTIFACTS" onto any recordable media or recordable
device.  The secured computer shall have utilities providing the ability to (a)
view, search, and line-number any source file, (b) search for a given pattern
of text within the source files, (c) compare source files and display their
differences, and (d) compute the MD5 hashes of source files.  The Receiving
Party may request installation of specific software utilities on the secured
computer beyond those that the Producing Party has installed consistent with
(a)–(d) above, provided that the Receiving Party will furnish any necessary
software licenses to do so.  The Receiving Party may take notes on paper
relating to the material designated as "HIGHLY CONFIDENTIAL –
SOURCE CODE AND SECURITY ARTIFACTS," including so that the
Receiving Party may identify information for later printing, but may not
copy verbatim such information into the notes.  The Producing Party may
visually monitor the activities of the Receiving Party's representatives
during any review of material designated as "HIGHLY CONFIDENTIAL –
SOURCE CODE AND SECURITY ARTIFACTS," but only to ensure that
there is no unauthorized recording, copying, or transmission of such
materials.

(d)     The Receiving Party may request paper copies of limited
portions of material designated as "HIGHLY CONFIDENTIAL – SOURCE

CODE AND SECURITY ARTIFACTS" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code or security artifacts other than electronically as set forth in paragraph (c) in the first instance. The Receiving Party shall be permitted to identify for printing up to 3 consecutive pages and 75 total pages of source code or other material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS," and may identify additional pages if reasonably necessary, and the Producing Party shall not unreasonably withhold, condition, or delay any such reasonable request. Within five (5) business days of such request, the Producing Party shall either (i) provide a paper copy of all identified pages, including watermarking, bates numbers, and the label "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS," or (ii) inform the recipient that it objects to the request as excessive or not submitted for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a court resolution of whether the request is appropriate and should be permitted. The Receiving Party shall not request printed copies of material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" in order to review blocks of source code or other material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" elsewhere in the first instance, *i.e.*, as an alternative to reviewing that source code or security artifact electronically on the secured computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code or security artifacts for review and analysis elsewhere, and that the Producing

1  Party shall be required to print material designated as "HIGHLY
2  CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS"
3  only when reasonably necessary.  The Producing Party shall provide all such
4  materials in paper form with watermarking and including bates numbers and
5  the label "HIGHLY CONFIDENTIAL - SOURCE CODE AND SECURITY
6  ARTIFACTS."  The Producing Party may challenge the amount of material
7  designated as "HIGHLY CONFIDENTIAL – SOURCE CODE AND
8  SECURITY ARTIFACTS" requested in hard copy form pursuant to the
9  dispute resolution procedure and timeframes set forth in Paragraph 7
10  whereby the Producing Party is the "Challenging Party" and the Receiving
11  Party is the "Designating Party" for purposes of dispute resolution.

12      (e)  The Receiving Party shall maintain a daily record of any
13  individual who has inspected any portion of the material designated as
14  "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY
15  ARTIFACTS" in electronic or paper form.  The Receiving Party shall
16  maintain all paper copies of any printed portions of the material designated
17  as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY
18  ARTIFACTS" in a secured, locked area with access restricted to outside
19  counsel of record and individuals who have executed Exhibit A.  The
20  Receiving Party shall not create any electronic or other images of the paper
21  copies and shall not convert any of the information contained in the paper
22  copies into any electronic format.  The Receiving Party shall only make
23  additional paper copies if such additional copies are (1) necessary to prepare
24  court filings, pleadings, or other papers (including a testifying expert's
25  expert report), (2) necessary for deposition, or (3) otherwise necessary for
26  the preparation of its case.  Any paper copies used during a deposition shall
27  be retrieved by the Producing Party at the end of each day and must not be
28  given to or left with a court reporter or any other unauthorized individual.

(f)     Before including any "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" information in any document to be filed with the Court, the Receiving Party must provide ten (10) business days' written notice to the Designating Party.  The notice must not include the source code or security artifact but rather must identify by bates number the page(s) containing the source code or security artifact intended to be filed with the Court.  The Designating Party shall have three (3) business days to notify the Receiving Party in writing if it objects to the Receiving Party filing the "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" under seal.  If the Designating Party does not timely object, the Receiving Party may file the material with the Court but must do so under seal with designation "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS."  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection.  If no agreement is reached, the Party seeking to file material designated "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" may file a motion raising this dispute with the Court but cannot attach such material to the motion.  Such Party may, however, describe the Parties' meet and confer efforts and note that it could not file the material designated "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" because the Designating Party objected.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS," that Party must:

  (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

  (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).    This Order does not supersede any professional obligations of counsel, including as set forth in the California Rules of Professional Conduct.

13.    MISCELLANEOUS

13.1    Right to Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 5 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION). Counsel are not entitled to retain archival copies of any

materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE AND SECURITY ARTIFACTS" for any purpose.

15.    <u>VIOLATION</u>

      Any violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated:  February 20, 2025              JENNER & BLOCK LLP

4

5

6                                  By:  */s/ Julie A. Shepard*
                                       Julie A. Shepard (SBN 175538)
7                                      jshepard@jenner.com
                                       Andrew G. Sullivan (SBN 301122)
8                                      agsullivan@jenner.com
                                       Madeline P. Skitzki (SBN 318233)
9                                      mskitzki@jenner.com
                                       Edward Crouse (SBN 342790)
10                                     ecrouse@jenner.com
                                       515 South Flower Street, Suite 3300
11                                     Los Angeles, CA  90071-2246
                                       Telephone:  +1 213 239 5100
12                                     Facsimile:   +1 213 239 5199

13                                     *Attorneys for Plaintiff and*
                                       *Counterdefendant*
14                                     *Synamedia Americas LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  February 20, 2025            BAKER & HOSTETLER LLP


                                By:  */s/ Lisa N. Collins*
                                     Christina J. Moser (SBN 199027)
                                     cmoser@bakerlaw.com
                                     Jeremy Kai Len Chai (SBN 335250)
                                     jchai@bakerlaw.com
                                     1900 Avenue of the Stars, Suite 2700
                                     Los Angeles, CA  90067-4301
                                     Telephone:  +1 310 820 8800
                                     Facsimile:   +1 310 820 8859

                                     Lisa N. Collins (*pro hac vice*)
                                     lncollins@bakerlaw.com
                                     1170 Peachtree Street, Suite 2400
                                     Atlanta, GA  30309-7676
                                     Telephone:  +1 404 459 0050
                                     Facsimile:   +1 404 459 5734

                                     *Attorneys for Defendant and*
                                     *Counterclaimant*
                                     *DIRECTV, LLC*

\* Pursuant to Local Rule 5-4.3.4, the filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  February 20, 2025




_____
The Honorable Maria A. Audero
United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2024 in the case of *Synamedia Americas LLC v. DIRECTV, LLC*, U.S. District Court for the Central District of California, Case No. 2:24-cv-04967 GW (MAAx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____