Christina J. Moser (S.B.N. 199027)
cmoser@bakerlaw.com
Michael Brown (S.B.N. 328579)
mbrown@bakerlaw.com
Jeremy Chai (S.B.N. 335250)
jchai@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

Lisa N. Collins (Admitted *pro hac vice*)
lncollins@bakerlaw.com
BAKER & HOSTETLER LLP
1170 Peachtree Street NE, Suite 2400
Atlanta, GA 30309-7676
Telephone: 404.459.0050
Facsimile: 404.459.5734

Additional Counsel Listed on Signature Page

*Attorneys for Defendant and Counterclaimant DIRECTV, LLC*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

SYNAMEDIA AMERICAS LLC,

Plaintiff,

v.

DIRECTV, LLC,

Defendant.

---

DIRECTV, LLC,

Counterclaimant,

v.

SYNAMEDIA AMERICAS LLC,

Counterdefendant.

Case No.: 2:24-cv-04967-GW-MAAx

*Honorable George H. Wu*

**DIRECTV, LLC'S L.R. 16-4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Trial Date: May 12, 2026
Time: 9:00 am
Courtroom: 9D
Judge: Honorable George H. Wu

DIRECTV, LLC ("DIRECTV") respectfully submits this Memorandum of Contentions of Law and Fact, pursuant to Local Rule 16-4.[1]

### *I. Claims and Defenses (L.R. 16-4.1)*

#### a) <u>Summary Statement of Synamedia's Phase One Claims and Affirmative Defenses</u>

Synamedia Americas LLC ("Synamedia") has pleaded, and DIRECTV understands Synamedia plans to pursue, the following Phase One claims:

<u>Third Claim for Relief</u>: Synamedia seeks a judgment declaring: (1) DIRECTV did not validly declare a Transition; (2) DIRECTV waived its Transition rights; (3) the condition precedent for Synamedia's Transition-related obligations under the SSA did not occur; (4) DIRECTV's Notice of Breach regarding its purported Declaration of Transition is without merit; (5) DIRECTV waived its right to the Technology Escrow; (6) the SSA does not provide DIRECTV a perpetual license upon expiration of the SSA; and (7) the SSA does not obligate Synamedia to deliver SIMS cards in connection with Purchase Order No. 30766490 to DIRECTV post-expiration of the SSA;

<u>Fourth Claim for Relief</u>: Synamedia claims DIRECTV breached the SSA's implied covenant of good faith and fair dealing;

<u>Fifth Claim for Relief</u>: Synamedia claims DIRECTV breached the SSA;

<u>Sixth Claim for Relief</u>: Synamedia claims DIRECTV breached the Middleware Agreement; and

<u>Seventh Claim for Relief</u>: Synamedia seeks a judgment declaring: (1) the Middleware Agreement, as amended by the Umbrella Agreement and UA

---

[1] As described in Section II, *infra*, this matter is bifurcated "such that issues related to interpretation of" the Parties' Security Services Agreement ("Security Services Agreement" or "SSA"), Middleware Development and License Agreement ("Middleware Agreement" or "MWA"), and Agreement to Align Terms and Conditions Across NDS Agreements ("Umbrella Agreement" or "UA") "are subject to discovery and adjudication by summary judgment and bench trial first" (i.e., "Phase One") and "after trial concludes on the contract interpretation issues, the remaining liability issues as well as damages as to all claims will be subject to discovery and then adjudication" (i.e., "Phase Two"). *See* Dkt. 73 at 10–11. Therefore, DIRECTV's Memorandum of Contentions of Law and Fact only addresses Phase One claims and issues.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Amendment No. 4, expired on July 31, 2025; (2) the Renewal Provision allowed DIRECTV to extend the Umbrella Agreement in its entirety, but did not allow DIRECTV to extend the Middleware Agreement in isolation; (3) DIRECTV did not validly renew or extend the Middleware Agreement; (4) DIRECTV did not validly renew or extend the Umbrella Agreement or Amendment No. 4; (5) DIRECTV was not permitted to extend the Middleware Agreement without paying the annual $20 million fixed fee; and (6) DIRECTV no longer has the rights provided under the Middleware Agreement that are limited to the Term of the Middleware Agreement, including the rights provided under Sections 6.3(a)(i)(1) and 6.3(a)(i)(9) of the Middleware Agreement.

Synamedia has pleaded, and DIRECTV understands Synamedia plans to pursue, the following Phase One affirmative defenses:

First Defense: Synamedia claims DIRECTV's Counterclaims fail to state facts sufficient to constitute any causes of action upon which relief can be granted.

Second Defense: Synamedia claims DIRECTV's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

Third Defense: Synamedia claims DIRECTV's Counterclaims are barred, in whole or in part, by the doctrine of laches.

Fourth Defense: Synamedia claims DIRECTV's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

Fifth Defense: Synamedia claims DIRECTV's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

Sixth Defense: Synamedia claims DIRECTV's Counterclaims are barred, in whole or in part, because Synamedia's actions were justified under the SSA, the MWA, the UA, and Amendment No. 40019.A.004 to the UA ("UA4").

Eighth Defense: Synamedia claims DIRECTV's Counterclaims are barred, in whole or in part, by DIRECTV's consent.

**b) Elements Required to Establish Synamedia's Phase One Claims and Affirmative Defenses**

Third Claim for Relief: To be entitled to declaratory relief, Synamedia must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, for each individual declaratory judgment claim, Synamedia must establish the following:

(1) Synamedia must show DIRECTV's Transition Declaration failed to satisfy Section 18.2 of the SSA in order for DIRECTV's Transition Declaration to have been invalid;

(2) Synamedia must identify a signed writing in which DIRECTV waived its right to Transition as required by Section 21.4 of the SSA or show DIRECTV "intentionally relinquished" its right to declare a Transition. *See Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 78 (2017) ("California courts will find waiver when a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.");

(3) Synamedia must show DIRECTV's Transition Declaration failed to satisfy Section 18.2 of the SSA in order for Synamedia to have no duty to adhere to the Transition-related obligations under Sections 18.2.5 and 18.2.7 of the SSA, including as restated in the Confidential Term Sheet dated 27 November 2007 ("2007 Term Sheet");

(4) Synamedia must show DIRECTV's Transition Declaration failed to satisfy Section 18.2 of the SSA and Synamedia did not Breach the SSA pursuant to Section 11.1, in order for DIRECTV's Notice of Breach to be without merit;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(5) Synamedia must identify a signed writing in which DIRECTV waived its right to the Technology Escrow Account as required by Section 21.4 of the SSA or show DIRECTV "intentionally relinquished" its right to the Technology Escrow Account. *See Wind Dancer*, 10 Cal. App. 5th at 78 ("California courts will find waiver when a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.");

(6) Synamedia must show DIRECTV did not terminate the SSA as a consequence of Synamedia's Breach of the SSA and DIRECTV's Transition Declaration failed to satisfy Section 18.2 of the SSA in order for DIRECTV to not have a perpetual license at the end of Term; and

(7) Synamedia must show it was not required to fulfill its Transition-related obligations pursuant to Section 18.2.7 of the SSA, including as restated in the 2007 Term Sheet, because DIRECTV's Transition Declaration failed to satisfy Section 18.2 of the SSA in order for Synamedia to not have an obligation to deliver SIMS cards in connection with Purchase Order No. 30766490 to DIRECTV post-Term of the SSA.

<u>Fourth Claim for Relief</u>: To establish DIRECTV breached the SSA's implied covenant of good faith and fair dealing, Synamedia must show: (1) the Parties entered into the SSA; (2) Synamedia fulfilled its obligations under the SSA; (3) any conditions precedent to DIRECTV's performance occurred; (4) DIRECTV unfairly interfered with Synamedia's rights to receive the benefits of the SSA; and (5) Synamedia was harmed by DIRECTV's conduct.[2] *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *48 (N.D. Cal. Aug. 30, 2017).

[2] *See* note 1, *supra*.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Fifth Claim for Relief: To establish DIRECTV breached the SSA, Synamedia must show: (1) existence of the SSA; (2) Synamedia's performance or excuse for nonperformance; (3) DIRECTV's breach; and (4) damage to Synamedia.[3] *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).

Sixth Claim for Relief: To establish DIRECTV breached the Middleware Agreement, Synamedia must show: (1) existence of the Middleware Agreement; (2) Synamedia's performance or excuse for nonperformance; (3) DIRECTV's breach; and (4) damage to Synamedia.[4] *Wall St. Network*, 164 Cal. App. 4th at 1178.

Seventh Claim for Relief: To be entitled to declaratory relief, Synamedia must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, for each individual declaratory judgment claim, Synamedia must establish the following:

(1) DIRECTV did not renew the Middleware Agreement;

(2) UA4's Renewal Provision does not provide DIRECTV the option to renew the Middleware Agreement;

(3) DIRECTV did not validly renew the UA or UA4;

(4) DIRECTV was not permitted to extend the Middleware Agreement without paying the annual SSA $20 million Fixed Fee; and

(5) DIRECTV no longer has the rights provided under the Middleware Agreement that are limited to the Term of the Middleware Agreement, including the rights provided under Sections 6.3(a)(i)(1) and 6.3(a)(i)(9) of the Middleware Agreement.

First Defense: Synamedia cannot establish its "affirmative defense" that DIRECTV's Counterclaims fail to state facts sufficient to constitute any causes

[3] *See* note 1, *supra*.
[4] *See* note 1, *supra*.

of action upon which relief can be granted. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the] prima facie case."). As described more fully herein, DIRECTV's Counterclaims state facts sufficient to constitute causes of action upon which relief can be granted.

<u>Second Defense</u>: To establish waiver, Synamedia must identify a signed writing in which DIRECTV waived its right to Transition as required by Section 21.4 of the SSA or show DIRECTV "intentionally relinquished" its right to the Technology Escrow Account. *See Wind Dancer*, 10 Cal. App. 5th at 78 ("California courts will find waiver when a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.").

<u>Third Defense</u>: To establish laches, Synamedia must show: (1) an unreasonable delay by DIRECTV in bringing suit; and (2) either acquiescence in the act about which DIRECTV complains or prejudice to Synamedia resulting from the delay. *Highland Springs Conf. & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 282 (2016).

<u>Fourth Defense</u>: To establish estoppel, Synamedia must show: (1) DIRECTV represented or concealed material facts to Synamedia; (2) DIRECTV had knowledge, actual or virtual, of the facts; (3) Synamedia was ignorant, actually and permissibly, of the truth; (4) DIRECTV acted with the intention, actual or virtual, that Synamedia act on it; and (5) Synamedia was induced to act on it. *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1462 (2011).

<u>Fifth Defense</u>: To establish unclean hands, Synamedia must show: (1) inequitable conduct by DIRECTV; (2) DIRECTV's conduct directly relates to

the claim which it has asserted against Synamedia; and (3) DIRECTV's conduct injured Synamedia.[5] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007).

Sixth Defense: To establish its actions were justified under the Parties' agreements, Synamedia must show its "failure to perform a material contractual obligation when performance is due" was justified. *See Cent. Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 514 n.3 (2008). For example, Synamedia must show its claimed acts were expressly permitted by the Parties' agreements. *See, e.g.*, *Bevis v. Terrace View Partners, LP*, 33 Cal. App. 5th 230, 260 (2019) ("It needs no citation to authority to state that a contracting party's performance of a contract in accordance with its express terms . . . cannot constitute a breach of the contract."); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998) ("[A] party cannot be held liable on a bad faith claim for doing what is expressly permitted in the agreement.").

Eighth Defense: Synamedia cannot establish its "affirmative defense" of consent because California courts do not recognize such a defense; instead, California courts only recognize the defense of estoppel, addressed *supra*. *See Behnke*, 196 Cal. App. 4th at, 1462.

**c) Brief Description of the Key Evidence in Opposition to Each of Synamedia's Phase One Claims and Affirmative Defenses**

DIRECTV provides the following brief description of the key evidence in opposition to each of Synamedia's Phase One claims:

Third Claim for Relief: Synamedia is not entitled to any of the judicial declarations it seeks in its Third Claim for Relief because testimony of the Parties' witnesses and documentary evidence will show:

---

[5] *See* note 1, *supra*.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(1) DIRECTV validly declared a Transition. Section 18.2 of the SSA provides DIRECTV the right to declare a Transition at its sole discretion after July 1, 2011, to Transition away from Synamedia as the service provider for DIRECTV's Conditional Access Segment and either for DIRECTV to serve as the service provider itself or move to an alternative service provider. DIRECTV provided a written Declaration of Transition to Synamedia on April 29, 2024, and the Parties agreed to treat the date of the Declaration of Transition as effective April 30, 2024. Synamedia cannot establish the SSA required DIRECTV to change or migrate to a different conditional access system. Synamedia cannot establish the SSA provides it any right or mechanism to contest the validity or timing of DIRECTV's exercise of its right to declare a Transition;

(2) DIRECTV never waived its Transition rights. DIRECTV never waived its right to declare a Transition and Synamedia cannot establish DIRECTV impliedly could have waived its right to declare a Transition. Section 21.4 of the SSA provides "none of its provisions may be waived, except by a writing signed by an authorized officer of the Party against whom the…waiver is sought to be enforced." Synamedia has not—and cannot—identify any signed writing in which DIRECTV waived its right to Transition. Synamedia has not—and cannot—identify any evidence of DIRECTV having "intentionally relinquished" its right to declare a Transition;

(3) the condition precedent for Synamedia's Transition-related obligations under the SSA occurred. Section 18.2 states Synamedia's Transition-related obligations "shall apply" "in the event DIRECTV declares a written declaration of Transition." DIRECTV's written

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

Transition Declaration, deemed effective April 30, 2024, satisfied Section 18.2;

(4) DIRECTV's Notice of Breach regarding its Declaration of Transition was with merit. DIRECTV validly and timely exercised and did not waive its right to declare a Transition under the SSA. Synamedia failed and refused, and continues to fail and refuse, to perform its Transition-related obligations, including its "Technology and Information Transfer" obligations under Section 18.2.5 of the SSA and its "Additional Transition Services" obligations under Section 18.2.7 of the SSA, including as restated in the 2007 Term Sheet. DIRECTV issued a "Notice of Synamedia's Material Breach Relating to DIRECTV's Transition Declaration" to Synamedia on May 17, 2024, detailing Synamedia's failure to perform its Transition-related obligations. Pursuant to Section 11.1 of the SSA, DIRECTV's written notice began a ten-Business Day period for Synamedia to provide a written plan to cure its failures. Synamedia refused to provide any such written plan to cure its failures, resulting in Synamedia's un-remedied failures constituting a "Breach" pursuant to Section 11.1 of the SSA. On June 18, 2024, DIRECTV notified Synamedia, in writing, that it terminated the SSA, effectively immediately, as a result of Synamedia's Breach of the SSA;

(5) DIRECTV did not waive its right to the Technology Escrow. Section 7.5.1 of the SSA required the Parties to "mutually cause a technology escrow account to be established" and NDS to "deposit a copy of the NDS Documentation (including software source code and card generation and serialization keys) pertaining to the then current Licensed Technology in the Technology Escrow Account." Section 7.5.2 of the SSA required "[t]he materials deposited by NDS in the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Technology Escrow Account [to] contain as much information as reasonably possible in human-readable form, and be contained on media suitable to enable reasonably skilled programmers or analysts to understand, maintain and support the Condition[al] Access Segment including the development of new components (such as CAMs) and subsystems that will be integrated and used in the Conditional Access System" and required Synamedia to "update the materials deposited in the Technology Escrow Account to completely and accurately reflect any substantive additions, modifications, improvements or other changes to the Conditional Access Segment." Section 21.4 of the SSA provides "none of its provisions may be waived, except by a writing signed by an authorized officer of the Party against whom the…waiver is sought to be enforced." Synamedia has not—and cannot—identify any signed writing in which DIRECTV waived any of its rights. Synamedia has not—and cannot—identify any evidence of DIRECTV having "intentionally relinquished" any of its rights. Additionally, DIRECTV and Synamedia are Parties to a Three-Party Escrow Service Agreement ("2020 Escrow Agreement"), effective April 29, 2020, which identified Synamedia—not DIRECTV—as responsible for making payments to maintain an escrow account. Synamedia made deposits to the escrow account established by the 2020 Escrow Agreement as late as 2024.

(6) Whether the SSA provides DIRECTV a "perpetual right and license" to Synamedia's Intellectual Property Rights upon expiration of the SSA is not at issue in this case. DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights pursuant to Sections 9.1.1, 9.1.2, and 18.2.1 of the SSA as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of

the SSA following Synamedia's Breach of the SSA. The SSA did not expire. DIRECTV validly and timely exercised and did not waive its right to declare a Transition under the SSA, and DIRECTV terminated the SSA following Synamedia's Breach of the SSA; and

(7) the SSA obligates Synamedia to deliver SIMS cards in connection with Purchase Order No. 30766490 to DIRECTV. Section 18.2.7 of the SSA requires Synamedia, "[u]pon termination or expiration of [the SSA] for any reason," to "provide such Conditional Access Services as requested by DIRECTV (including, if requested, a continued supply of CAMs and necessary support services including personalization/serialization and including continued support for Security Technical Operations including ECMs) on a time and materials basis." The 2007 Term Sheet restated Synamedia's obligations, requiring Synamedia, "[c]onsistent with SSA Section 18.2.7, following the Term and continuing for 36 months thereafter," to "provide other Conditional Access Services…necessary to support the Transition, on a time and materials basis." The SSA did not expire. DIRECTV terminated the SSA following Synamedia's Breach of the SSA.

Fourth Claim for Relief: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Fourth Claim for Relief fails because Synamedia failed to fulfill its obligations under the SSA. Synamedia failed and refused, and continues to fail and refuse, to perform its Transition-related obligations, including its "Technology and Information Transfer" obligations under Section 18.2.5 of the SSA and its "Additional Transition Services" obligations under Section 18.2.7 of the SSA, including as restated in the 2007 Term Sheet. Synamedia's Fourth Claim for Relief additionally fails because Synamedia cannot show DIRECTV interfered with Synamedia's rights to receive any benefits of the SSA. Synamedia's claim is premised on

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the following unfounded allegations: (i) "DIRECTV asserted in bad faith, and in direct contradiction to the explicit terms of the [SSA], that it possesses a 'perpetual license' to Synamedia's intellectual property beyond expiration of the Agreement;" (ii) "DIRECTV issued Purchase Order No. 30766490, which improperly demanded that Synamedia incur expenses in order to secure materials for DIRECTV that are not required by the [SSA];" and (iii) "DIRECTV issued an invalid Declaration of Transition which erroneously purported to give rise to obligations of Synamedia that in fact have not been triggered." Dkt. 255 at ¶ 133. Synamedia's Fourth Claim for Relief fails because, as described herein: (i) DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA; (ii) the SSA obligates Synamedia to deliver SIMS cards in connection with Purchase Order No. 30766490 to DIRECTV; and (iii) DIRECTV validly declared a Transition and never waived its Transition rights.

<u>Fifth Claim for Relief</u>: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Fifth Claim for Relief fails because Synamedia failed to perform and is not excused for nonperformance under the SSA. Synamedia failed and refused, and continues to fail and refuse, to perform its Transition-related obligations, including its "Technology and Information Transfer" obligations under Section 18.2.5 of the SSA and its "Additional Transition Services" obligations under Section 18.2.7 of the SSA, including as restated in the 2007 Term Sheet. Synamedia's Fifth Claim for Relief additionally fails because Synamedia cannot show DIRECTV breached the SSA. Synamedia's claim is premised on the unfounded allegation "DIRECTV is, thus, materially breaching the Agreement by invalidly declaring a Transition and continuing to use Synamedia's IPR without a

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

license." Dkt. 255 at ¶ 142. As described herein: (i) DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA; and (ii) DIRECTV validly declared a Transition and never waived its Transition rights. *See Bevis*, 33 Cal. App. 5th at 260 ("It needs no citation to authority to state that a contracting party's performance of a contract in accordance with its express terms . . . cannot constitute a breach of the contract.").

<u>Sixth Claim for Relief</u>: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Sixth Claim for Relief fails because Synamedia failed to perform and is not excused for nonperformance under the MWA. Synamedia has failed to acknowledge the validity of DIRECTV's renewals of the MWA, which has caused Synamedia to cease all performance under the MWA. Synamedia's Sixth Claim for Relief additionally fails because Synamedia cannot show DIRECTV breached the MWA. Synamedia's claim is premised on the unfounded allegations: (i) DIRECTV's attempt to extend the Middleware Agreement was invalid because UA Amendment No. 4 dictates that DIRECTV cannot extend the Middleware Agreement in isolation from the other agreements;" and (ii) "[b]y continuing to activate, deploy, and manufacture set top boxes, DIRECTV is breaching the Middleware Agreement by 'exploit[ing]' the 'Middleware Software and Deliverables' and Synamedia's 'Intellectual Property Rights' without a license to do so and otherwise violating Sections 6.3(a)(i)(1) and 6.3(a)(i)(9) of the Middleware Agreement." Dkt. 255 at ¶¶ 147, 151. As described herein: (i) UA4 provided DIRECTV the unilateral "option to renew" under the pricing, terms, and conditions of the UA by providing written notice to Synamedia at least 60 days before expiration, DIRECTV's renewals of the MWA were in writing and over 60 days before expiration, and UA4 affords

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Synamedia no means to contest DIRECTV's renewals; and (ii) DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA, which necessarily includes the Middleware Software because the Middleware Software and the CAS software are coresident, functionally linked, and interdependent as integrated in DIRECTV's set top boxes, such that the Middleware Software is directly or indirectly related to DIRECTV's full and unrestricted exercise and enjoyment of its CAS and incorporated into or used, directly or indirectly, in connection with supporting, improving, maintaining or otherwise enjoying DIRECTV's CAS and reasonably required for DIRECTV's full and unrestricted exercise and enjoyment of its CAS.

Seventh Claim for Relief: Synamedia is not entitled to any of the judicial declarations it seeks in its Seventh Claim for Relief because testimony of the Parties' witnesses and documentary evidence will show:

(1) DIRECTV's renewals of the MWA were in writing and over 60 days before expiration and UA4 affords Synamedia no means to contest DIRECTV's renewals;

(2) UA4 provides DIRECTV the unilateral "option to renew" under the pricing, terms, and conditions of the UA by providing written notice to Synamedia at least 60 days before expiration;

(3) DIRECTV's renewals of the MWA were in writing and over 60 days before expiration and UA4 affords Synamedia no means to contest DIRECTV's renewals;

(4) DIRECTV renewed the MWA pursuant to its unilateral "option to renew" under the pricing, terms, and conditions of the UA;

(5) DIRECTV was not obligated to pay $20M to renew the MWA because the UA contains no such $20M fee and UA4 provided DIRECTV the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

unilateral "option to renew" under the pricing, terms, and conditions of the UA; and

(6) DIRECTV has the rights provided under the MWA that are limited to the Term of the MWA because DIRECTV validly renewed the MWA under the pricing, terms, and conditions of the UA. Separately, DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA, which necessarily includes the Middleware Software because the Middleware Software and the CAS software are coresident, functionally linked, and interdependent as integrated in DIRECTV's set top boxes, such that the Middleware Software is directly or indirectly related to DIRECTV's full and unrestricted exercise and enjoyment of its CAS and incorporated into or used, directly or indirectly, in connection with supporting, improving, maintaining or otherwise enjoying DIRECTV's CAS and reasonably required for DIRECTV's full and unrestricted exercise and enjoyment of its CAS.

DIRECTV provides the following brief description of the key evidence in opposition to each of Synamedia's Phase One affirmative defenses:

<u>First Defense</u>: Synamedia cannot establish its First Defense. *See Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the] prima facie case."). Additionally, testimony of the Parties' witnesses and documentary evidence will show Synamedia's First Defense fails because, as described in Sections I.d)–f), *infra*, DIRECTV's Counterclaims state facts sufficient to constitute causes of action upon which relief can be granted.

<u>Second Defense</u>: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Second Defense fails because DIRECTV never waived any of its Counterclaims. Section 21.4 of the SSA provides

"none of its provisions may be waived, except by a writing signed by an authorized officer of the Party against whom the…waiver is sought to be enforced." Synamedia has not—and cannot—identify any signed writing in which DIRECTV waived any of its rights. Synamedia has not—and cannot—identify any evidence of DIRECTV having "intentionally relinquished" any of its rights.

Third Defense: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Third Defense fails DIRECTV did not unreasonably delay in asserting its claims, DIRECTV acquiesced to Synamedia's claimed acts, or Synamedia was prejudiced by any delay. DIRECTV's Counterclaims are based on Synamedia's failure to fulfill its contractual obligations and were timely filed in response to Synamedia's claims.

Fourth Defense: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Fourth Defense fails because DIRECTV never represented nor concealed any material facts of which Synamedia was ignorant with the intention Synamedia act thereon and Synamedia did so act. Synamedia's defense is premised on the unfounded allegation "DIRECTV has violated the Security Services Agreement." Dkt. 276 at 127. DIRECTV has not violated the SSA; instead, as described herein, Synamedia Breached the SSA by failing to fulfill its Transition-related obligations.

Fifth Defense: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Fifth Defense fails because DIRECTV did not commit any inequitable conduct. Synamedia's defense is premised on the unfounded allegations "DIRECTV has violated the Security Services Agreement, has engaged in extra-contractual demands, [and] has improperly declared Synamedia in breach." Dkt. 276 at 127. DIRECTV has not violated

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the SSA; instead, as described herein, Synamedia Breached the SSA by failing to fulfill its Transition-related obligations.

Sixth Defense: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's Sixth Defense fails because Synamedia's actions were not justified nor expressly permitted under the Parties' Agreements. Section 18.2 of the SSA provides Synamedia's Transition-related obligations "shall apply" "in the event DIRECTV declares a written declaration of Transition." SUF, 39. DIRECTV's Transition Declaration satisfied Section 18.2 of the SSA. Therefore, Synamedia's Transition-related obligations applied and became due. Synamedia cannot show any justification for its failure to fulfill its Transition-related obligations.

Eighth Defense: Even if California courts recognized consent as an affirmative defense to DIRECTV's Counterclaims, which they do not, testimony of the Parties' witnesses and documentary evidence will show Synamedia's Eight Defense fails because DIRECTV did not consent to Synamedia abdicating its Transition-related obligations. Instead, DIRECTV issued a "Notice of Synamedia's Material Breach Relating to DIRECTV's Transition Declaration" to Synamedia on May 17, 2024, detailing Synamedia's failure to perform its Transition-related obligations.

**d) Summary Statement of DIRECTV's Phase One Counterclaims and Affirmative Defenses**

DIRECTV has pleaded and intends to pursue the following Phase One counterclaims:

Count 1: DIRECTV seeks a judgment declaring DIRECTV has not waived its contractual right to declare a Transition under Section 18.2 of the SSA;

Count 2: DIRECTV seeks a judgment declaring DIRECTV validly declared a Transition pursuant to Section 18.2 of the SSA;



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Count 3: Synamedia breached the SSA by failing to fulfill its Transition-related obligations;

Count 4: DIRECTV seeks a judgment declaring DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights;

Count 5: Synamedia breached the SSA by failing to acknowledge or act consistently with DIRECTV's perpetual right and license;

Count 10: Synamedia breached the SSA by failing to perform through resolution of the dispute-resolution process required by Section 13 of the SSA;

Count 11: DIRECTV seeks a judgment declaring DIRECTV has license and use rights to Middleware Software and Deliverables in perpetuity pursuant to Section 6.3(a)(i) of the MWA;

Count 12: DIRECTV seeks a judgment declaring DIRECTV validly and timely renewed the MWA; and

Count 13: DIRECTV seeks a judgment declaring Synamedia breached the MWA.

DIRECTV has pleaded and intends to pursue the following Phase One affirmative defenses:

Second Defense: Synamedia's claims for relief are barred, in whole or in part, under principles of equity, including estoppel or the doctrine of unclean hands;

Third Defense: Synamedia's claims for relief are barred, in whole or in part, by the doctrines of waiver and/or acquiescence and/or DIRECTV's alleged actions were justified;

Sixth Defense: Synamedia's claims for relief are subject to and/or barred, in whole or in part, by the terms of the SSA, the MWA, and the UA and their respective amendments;

Eighth Defense: Synamedia's claims are not ripe because Synamedia has failed to comply with conditions precedent set forth in the SSA;

Ninth Defense: at least some of Synamedia's claims are subject to the SSA's mandatory arbitration clause;

Tenth Defense: Synamedia lacks standing to assert claims for copyright infringement or has failed to join a necessary plaintiff in this action;

Twelfth Defense: DIRECTV is licensed under at least Sections 9.1.1, 9.1.2, 13.6, and 18.2.1 of the SSA to use any of Synamedia's alleged trade secrets or copyrights relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers;

Seventeenth Defense: Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers are barred by Section 14(b) of the MWA; and

Eighteenth Defense: Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers, are preempted by copyright law.

**e) Elements Required to Establish DIRECTV's Phase One Counterclaims and Affirmative Defenses**

Count 1: To be entitled to declaratory relief, DIRECTV must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, to establish DIRECTV did not waive its Transition rights, DIRECTV must show the absence of any signed writing in which DIRECTV waived its right to Transition as required by Section 21.4 of the SSA.

Count 2: To be entitled to declaratory relief, DIRECTV must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, to establish DIRECTV validly

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

declared a Transition, DIRECTV must show its Transition Declaration satisfied Section 18.2 of the SSA.

Count 3: To establish Synamedia breached the SSA by failing to fulfill its Transition-related obligations, DIRECTV must show: (1) existence of the SSA; (2) DIRECTV's performance or excuse for nonperformance; (3) Synamedia's breach of its Transition-related obligations, including under Sections 18.2.5 or 18.2.7 of the SSA, including as restated in the 2007 Term Sheet; and (4) damage to DIRECTV.[6] *Wall St. Network*, 164 Cal. App. 4th at 1178.

Count 4: To be entitled to declaratory relief, DIRECTV must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, to establish DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights, DIRECTV must show Sections 9.1.1, 9.1.2, or 18.2.1 of the SSA grant DIRECTV's "perpetual right and license" to Synamedia's Intellectual Property Rights as a result of either DIRECTV's declaration of Transition or DIRECTV's termination of the SSA following Synamedia's Breach of the SSA.

Count 5: To establish Synamedia breached the SSA by failing to acknowledge or act consistently with DIRECTV's perpetual right and license, DIRECTV must show: (1) existence of the SSA; (2) DIRECTV's performance or excuse for nonperformance; (3) Synamedia's breach of Sections 9.1.1,

[6] *See* note 1, *supra*. Section 13.5 of the SSA allows the Parties to "seek injunctive relief under this Agreement only to prevent the other Party, its Affiliates, approved assignees, agents, employees, officers or directors from any actual or threatened improper act or omission involving the Intellectual Property Rights of a Party; provided that such relief shall not preclude or impair to any material degree the provision of the DIRECTV Service by DIRECTV." Additionally, "California courts have recognized that unjust enrichment can satisfy the damages element of a breach of contract claim such that restitution or disgorgement is a proper remedy." *Friedman v. EyeLight, Inc.*, No. 22-56076, 2023 WL 8915417, at *3 (9th Cir. Dec. 27, 2023); *see also* Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."); *Elation Sys., Inc. v. Fenn Bridge LLC*, 71 Cal. App. 5th 958, 965 (2021) ("California courts have applied section 3360 to conclude that a plaintiff is entitled to recover nominal damages for the breach of a contract, despite inability to show that actual damage was inflicted upon him.") (citation modified).

9.1.2, or 18.2.1 of the SSA; and (4) damage to DIRECTV.[7] *Wall St. Network*, 164 Cal. App. 4th at 1178.

Count 10: To establish Synamedia breached the SSA by failing to perform through resolution of the dispute-resolution process required by Section 13 of the SSA, DIRECTV must show: (1) existence of the SSA; (2) DIRECTV's performance or excuse for nonperformance; (3) Synamedia's breach of Section 13 of the SSA; and (4) damage to DIRECTV.[8] *Wall St. Network*, 164 Cal. App. 4th at 1178.

Count 11: To be entitled to declaratory relief, DIRECTV must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, to establish DIRECTV has license and use rights to the Middleware Software and Deliverables in perpetuity, DIRECTV must show Section 6.3(a)(i) of the MWA provides DIRECTV license and use rights to the Middleware Software and Deliverables in perpetuity.

Count 12: To be entitled to declaratory relief, DIRECTV must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, to establish DIRECTV validly and timely renewed the MWA, DIRECTV must show: (1) UA4's Renewal Provision provided DIRECTV the option to renew the MWA; and (2) DIRECTV timely exercised its option to renew the MWA under the pricing, terms, and conditions of the UA, as provided for by UA4's Renewal Provision.

Count 13: To be entitled to declaratory relief, DIRECTV must first establish an "actual controversy relating to the legal rights and duties of" the Parties. Cal. Civ. Code P. § 1060. Additionally, to establish Synamedia breached the MWA, DIRECTV must show: (1) existence of the MWA; (2) DIRECTV's performance or excuse for nonperformance; (3) Synamedia's

[7] *See* notes 1 and 6, *supra*.
[8] *See* notes 1 and 6, *supra*.

breach; and (4) damage to DIRECTV.[9] *Wall St. Network*, 164 Cal. App. 4th at 1178.

Second Defense: To establish estoppel, DIRECTV must show: (1) Synamedia represented or concealed material facts to DIRECTV; (2) Synamedia had knowledge, actual or virtual, of the facts; (3) DIRECTV was ignorant, actually and permissibly, of the truth; (4) Synamedia acted with the intention, actual or virtual, that DIRECTV act on it; and (5) DIRECTV was induced to act on it. *Behnke*, 196 Cal. App. 4th at 1462. To establish unclean hands, DIRECTV must show: (1) inequitable conduct by Synamedia; (2) Synamedia's conduct directly relates to the claim which it has asserted against DIRECTV; and (3) Synamedia's conduct injured DIRECTV.[10] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007).

Third Defense: To establish its actions were justified, DIRECTV must show its "failure to perform a material contractual obligation when performance is due" was justified. *See Cent. Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 514 n.3 (2008).

Sixth Defense: To establish Synamedia's claims for relief are subject to and/or barred, in whole or in part, by the terms of the SSA, the MWA, and the UA and their respective amendments, DIRECTV must show terms of the SSA, the MWA, and the UA and their respective amendments bar Synamedia's claims;

Eighth Defense: To establish Synamedia's claims are not ripe, DIRECTV must show Synamedia has failed to comply with conditions precedent set forth in the SSA;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

[9] Section 11.12 of the MWA allows the Parties to "seek specific performance or a preliminary and final injunction in order to prevent any breach or further breach of this Agreement without giving an undertaking as to damages" and states "[t]his remedy is separate and apart from any other remedy such Party may have at law or in equity" *See also* notes 1 and 6, *supra*.

[10] *See* notes 1, 6, and 11, *supra*.

Ninth Defense: To establish at least some of Synamedia's claims are subject to the SSA's mandatory arbitration clause, DIRECTV must show Section 13.3 of the SSA applies to at least some of Synamedia's claims;

Tenth Defense: To establish Synamedia lacks standing to assert claims for copyright infringement or has failed to join a necessary plaintiff in this action, DIRECTV must show Synamedia has failed to prove ownership of the copyright underlying Synamedia's claims;

Twelfth Defense: To establish DIRECTV is licensed to use any of Synamedia's alleged trade secrets or copyrights relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers, DIRECTV must show Sections 9.1.1, 9.1.2, or 18.2.1 of the SSA grant DIRECTV's "perpetual right and license" to Synamedia's Intellectual Property Rights as a result of either DIRECTV's declaration of Transition or DIRECTV's termination of the SSA following Synamedia's Breach of the SSA;

Seventeenth Defense: To establish Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers are barred by Section 14(b) of the MWA, DIRECTV must show Section 14(b) of the MWA bars Synamedia from "assert[ing] against DIRECTV…any claim of infringement of any patent, mask work, trade secret, copyright or other Intellectual Property Rights owned or controlled by NDS or NDS's subsidiaries in any Deliverables or Intellectual Property Rights provided pursuant to this Agreement or any other deliverables or intellectual property provided pursuant to the SSA ('NDS IP'), which claim arises from or relates to…(b) for continued use and support of any satellite television receiving equipment made prior to such termination of this Agreement (including continued use and support thereof after termination of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

this Agreement)," which "covenant is non-exclusive and shall survive any termination or assignment of this Agreement only to the extent of (b) above where such manufacture of the DIRECTV Product was done prior to the termination of this Agreement;" and

<u>Eighteenth Defense</u>: To establish Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers are preempted, DIRECTV must show such claims are preempted by copyright law because they are based on the "same nucleus of facts" as the copyright infringement claims. *See Marshall & Swift/Boeckh, LLC v. URS Corp.*, No. CV 08-04375 GAF SSX, 2009 WL 10668449, at *19–20 (C.D. Cal. Aug. 26, 2009) (finding "the Copyright Act preempts [plaintiff's] breach-of-express-contract claim" because "the same conduct that underlies [plaintiff's] breach-of-express-contract claim serves as the basis for [plaintiff's] copyright claims" and "the right [plaintiff] seeks to vindicate through its contract claim is equivalent to the exclusive rights of reproduction and distribution protected by the Copyright Act"); *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (affirming district court's dismissal of California state law claims based on finding Copyright Act preempted state law claims depending on showing copyright infringement, where "underlying basis" of each state law claim was "fail[ure] to obtain complete licenses" for copyrighted material)*; see also Kabehie v. Zoland*, 102 Cal. App. 4th 513, 522–23 (2002) ("[T]he language of the [Copyright] Act supports a conclusion that Congress intended to preempt most breach of contract actions…Congress intended to preempt those breach of contract actions seeking to enforce the plaintiff's exclusive right to reproduce, perform, distribute or display copyrightable material.").



Baker & Hostetler LLP
Attorneys at Law
Los Angeles

**f) <u>Brief Description of the Key Evidence Relied On in Support of Each of DIRECTV's Phase One Counterclaims and Affirmative Defenses</u>**

DIRECTV provides the following brief description of the key evidence in support of each of its Phase One Counterclaims:

<u>Count 1</u>: An actual controversy exists because the Parties dispute whether DIRECTV has waived its contractual right to declare a Transition. *Compare* Synamedia's Second Claim for Relief *with* DIRECTV's Counterclaim Count 1. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV has not waived its contractual right to declare a Transition under Section 18.2 of the SSA and Synamedia cannot establish DIRECTV impliedly could have waived its right to declare a Transition. Section 21.4 of the SSA provides "none of its provisions may be waived, except by a writing signed by an authorized officer of the Party against whom the…waiver is sought to be enforced;" Synamedia has not—and cannot—identify any signed writing in which DIRECTV waived its right to Transition. Synamedia has not—and cannot—identify any evidence of DIRECTV having "intentionally relinquished" its right to declare a Transition;

<u>Count 2</u>: An actual controversy exists because the Parties dispute whether DIRECTV has validly declared a Transition. *Compare* Synamedia's First Claim for Relief *with* DIRECTV's Counterclaim Count 2. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV validly declared a Transition pursuant to Section 18.2 of the SSA. Section 18.2 of the SSA provided DIRECTV the right to declare a Transition at its sole discretion after July 1, 2011, to Transition away from Synamedia as the service provider for DIRECTV's Conditional Access Segment and either for DIRECTV to serve as the service provider itself or move to an alternative service provider. DIRECTV elected the former. DIRECTV provided a written Declaration of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Transition to Synamedia on April 29, 2024, and the Parties agreed to treat April 30, 2024, as the operative date. Synamedia cannot establish the SSA required DIRECTV to change or migrate to a different conditional access system. Synamedia cannot establish the SSA provides it any right or mechanism to contest the validity or timing of DIRECTV's exercise of its right to declare a Transition;

Count 3: The Parties do not dispute the existence or validity of the SSA. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV performed its Transition-related obligations by exercising its right to declare a Transition and tendering the Transition License Fee to Synamedia. Synamedia breached the SSA by failing to fulfill its Transition-related obligations. The condition precedent for Synamedia's Transition-related obligations under the SSA occurred. Section 18.2 states Synamedia's Transition-related obligations "shall apply" "in the event DIRECTV declares a written declaration of Transition." DIRECTV's written Transition Declaration, effective April 30, 2024, satisfied Section 18.2 of the SSA, and DIRECTV did not waive its right to declare a Transition under the SSA. Synamedia failed and refused, and continues to fail and refuse, to perform its Transition-related obligations, including its "Technology and Information Transfer" obligations under Section 18.2.5 of the SSA and its "Additional Transition Services" obligations under Section 18.2.7 of the SSA, including as restated in the 2007 Term Sheet;

Count 4: An actual controversy exists because the Parties dispute whether DIRECTV has a perpetual right and license to Synamedia's Intellectual Property Rights. *Compare* Synamedia's Third Claim for Relief *with* DIRECTV's Counterclaim Count 4. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights pursuant to Sections

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

9.1.1, 9.1.2, and 18.2.1 of the SSA as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA. DIRECTV validly and timely exercised and did not waive its right to declare a Transition under the SSA, and DIRECTV terminated the SSA following Synamedia's Breach of the SSA. DIRECTV's "perpetual right and license" to Synamedia's Intellectual Property Rights necessarily includes the Middleware Software because the Middleware Software and the CAS software are coresident, functionally linked, and interdependent as integrated in DIRECTV's set top boxes, such that the Middleware Software is directly or indirectly related to DIRECTV's full and unrestricted exercise and enjoyment of its CAS and incorporated into or used, directly or indirectly, in connection with supporting, improving, maintaining or otherwise enjoying DIRECTV's CAS and reasonably required for DIRECTV's full and unrestricted exercise and enjoyment of its CAS;

Count 5: The Parties do not dispute the existence or validity of the SSA. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV performed its Transition-related obligations by exercising its right to declare a Transition and tendering the Transition License Fee to Synamedia. Synamedia breached the SSA by failing to acknowledge or act consistently with DIRECTV's perpetual right and license; DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights pursuant to Sections 9.1.1, 9.1.2, and 18.2.1 of the SSA as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA; DIRECTV validly and timely exercised and did not waive its right to declare a Transition under the SSA, and DIRECTV terminated the SSA following Synamedia's Breach of the SSA;

Count 10: The Parties do not dispute the existence or validity of the SSA. Testimony of the Parties' witnesses and documentary evidence will show

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DIRECTV participated in the dispute-resolution process of Article 13 of the SSA. Synamedia breached the SSA by failing to perform through resolution of the dispute-resolution process. Section 13.1 of the SSA requires "[a]ny dispute . . . to enforce the provisions of the Agreement . . . [to] be resolved in accordance with the procedures specified in this Article 13." Synamedia failed to resolve its claims in accordance with the procedures of Article 13 of the SSA;

Count 11: An actual controversy exists because the Parties dispute whether DIRECTV has license and use rights to Middleware Software and Deliverables in perpetuity. *Compare* Synamedia's Third Claim for Relief *with* DIRECTV Counterclaim Count 11. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV has license and use rights to Middleware Software and Deliverables in perpetuity pursuant to Section 6.3(a)(i) of the MWA. DIRECTV also has a "perpetual right and license" to Synamedia's Intellectual Property Rights as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA, which necessarily includes the Middleware Software because the Middleware Software and the CAS software are coresident, functionally linked, and interdependent as integrated in DIRECTV's set top boxes, such that the Middleware Software is directly or indirectly related to DIRECTV's full and unrestricted exercise and enjoyment of its CAS and incorporated into or used, directly or indirectly, in connection with supporting, improving, maintaining or otherwise enjoying DIRECTV's CAS and reasonably required for DIRECTV's full and unrestricted exercise and enjoyment of its CAS;

Count 12: An actual controversy exists because the Parties dispute whether DIRECTV validly and timely renewed the MWA. *Compare* Synamedia's Seventh Claim for Relief *with* DIRECTV's Counterclaim Count

12. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV validly and timely renewed the MWA. UA4 provided DIRECTV the unilateral "option to renew" under the pricing, terms, and conditions of the UA by providing written notice to Synamedia at least 60 days before expiration. DIRECTV's renewals of the MWA were in writing and over 60 days before expiration and UA4 affords Synamedia no means to contest DIRECTV's renewals; and

<u>Count 13</u>: An actual controversy exists because the Parties dispute whether Synamedia breached the MWA. *Compare* Synamedia's Seventh Claim for Relief *with* DIRECTV's Counterclaim Count 13. The Parties do not dispute the existence or validity of the MWA. Testimony of the Parties' witnesses and documentary evidence will show DIRECTV performed its obligations under the MWA. Synamedia breached the MWA. Synamedia purports to state claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's CAS as well as the middleware operating on its set-top boxes and satellite receivers, which claims for relief are barred by Section 14(b) of the MWA. Separately, Synamedia breached the MWA by failing to acknowledge the validity of DIRECTV's renewals of the MWA, which has caused Synamedia to cease all performance under the MWA.

DIRECTV provides the following brief description of the key evidence in support of each of its Phase One affirmative defenses:

<u>Second Defense</u>: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's claims are barred by the doctrines of estoppel and unclean hands because Synamedia—despite its knowledge of its contractual obligations—has failed and refused, and continues to fail and refuse, to perform its Transition-related obligations, acknowledge or act consistently with DIRECTV's Transition rights or DIRECTV's perpetual right and license, or acknowledge or act consistently with DIRECTV's MWA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

renewals. Synamedia was aware, during the Term of the SSA, DIRECTV rightfully expected it could declare a Transition under Section 18.2 of the SSA "at its sole discretion" and "at any time" after dates passed long ago, and Synamedia would fulfill its Transition-related obligations Section 18.2 of the SSA states "shall apply" "in the event DIRECTV declares a written declaration of Transition," without DIRECTV needing to change or migrate to a different conditional access system. Synamedia was aware of DIRECTV's understanding based on the Parties' prior course of performance under the Parties' prior agreements—including DIRECTV's transition under the Parties' 1999 Conditional Access License and Services Agreement. Despite knowledge of DIRECTV's understanding and the SSA never stating DIRECTV needed to change or migrate to a different conditional access system, Synamedia alleges it understood the SSA to require the same for DIRECTV's Transition to be "valid." However, Synamedia concealed its understanding by failing to express such an understanding to DIRECTV prior to executing the SSA or during the 10-month Competitive Assessment process during which DIRECTV explored transitioning to itself or a competitor of Synamedia as the services provider for DIRECTV's CAS.

<u>Third Defense</u>: Testimony of the Parties' witnesses and documentary evidence will show DIRECTV did not fail to perform any material contractual obligations when performance was due. DIRECTV's actions were justified because DIRECTV performed its obligations under the SSA, the MWA, the UA and their respective amendments, including DIRECTV's Transition-related obligations by exercising its right to declare a Transition and tendering the Transition License Fee to Synamedia.

<u>Sixth Defense</u>: Testimony of the Parties' witnesses and documentary evidence will show the SSA does not provide Synamedia any right or mechanism to contest the validity or timing of DIRECTV's exercise of its right

to declare a Transition. The MWA and the UA and their respective amendments do not provide Synamedia any right or mechanism to contest the validity of DIRECTV's exercise of its right to renew the MWA license. Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers are barred by Section 14(b) of the MWA, under which Synamedia covenants not to "assert against DIRECTV . . . any claim of infringement of any patent, mask work, trade secret, copyright or other Intellectual Property Rights owned or controlled by NDS or NDS's subsidiaries in any Deliverables or Intellectual Property Rights provided pursuant to this Agreement or any other deliverables or intellectual property provided pursuant to the SSA ('NDS IP'), which claim arises from or relates to…(b) for continued use and support of any satellite television receiving equipment made prior to such termination of this Agreement (including continued use and support thereof after termination of this Agreement)," which "covenant is non-exclusive and shall survive any termination or assignment of this Agreement only to the extent of (b) above where such manufacture of the DIRECTV Product was done prior to the termination of this Agreement."

<u>Eighth Defense</u>: Testimony of the Parties' witnesses and documentary evidence will show Synamedia has failed to comply with conditions precedent set forth in the SSA. Synamedia failed to perform the dispute-resolution process in accordance with the SSA. Section 13.1 of the SSA requires "[a]ny dispute . . . to enforce the provisions of the Agreement . . . [to] be resolved in accordance with the procedures specified in this Article 13." Synamedia failed to resolve its claims in accordance with the procedures of Article 13 of the SSA;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Ninth Defense: Testimony of the Parties' witnesses and documentary evidence will show Section 13.3 of the SSA requires "[a]ny dispute that is not subject to resolution through litigation in accordance with Section 13.4, below, and has not been resolved in accordance with Sections 13.2.1 and 13.2.2, above shall be resolved by binding arbitration in accordance with this Section 13.3." Section 13.4 of the SSA provides "[a]ny dispute concerning Intellectual Property Rights, violation of license rights, Transition or Termination" is subject to resolution through litigation. Portions of Synamedia's Third Claim for Relief, including Synamedia's request for judicial declarations "DIRECTV waived its right to the Technology Escrow" and "the SSA does not obligate Synamedia to deliver SIMS cards in connection with Purchase Order No. 30766490 to DIRECTV post-expiration of the SSA" are not "dispute[s] concerning Intellectual Property Rights, violation of license rights, Transition or Termination" and are therefore subject to resolution by binding arbitration under Section 13.3 of the SSA.

Tenth Defense: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's claims for relief are based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers. *See, e.g.*, Dkt. 255 at ¶ 50 ("Although the Agreement expired on July 31, 2024, DIRECTV continues to use Synamedia's conditional access technology, thereby willfully misappropriating Synamedia's trade secrets and infringing Synamedia's copyright connected to the technology at issue."). Synamedia has failed to offer any proof of ownership or existence of such intellectual property underlying Synamedia's Phase One claims.

Twelfth Defense: Testimony of the Parties' witnesses and documentary evidence will show DIRECTV is licensed to use any of Synamedia's alleged

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

trade secrets or copyrights relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers. DIRECTV has a "perpetual right and license" to Synamedia's Intellectual Property Rights pursuant to Sections 9.1.1, 9.1.2, and 18.2.1 of the SSA as a result of both DIRECTV's declaration of Transition and DIRECTV's termination of the SSA following Synamedia's Breach of the SSA. DIRECTV validly and timely exercised and did not waive its right to declare a Transition under the SSA, and DIRECTV terminated the SSA following Synamedia's Breach of the SSA. DIRECTV's "perpetual right and license" to Synamedia's Intellectual Property Rights necessarily includes the Middleware Software because the Middleware Software and the CAS software are coresident, functionally linked, and interdependent as integrated in DIRECTV's set top boxes, such that the Middleware Software is directly or indirectly related to DIRECTV's full and unrestricted exercise and enjoyment of its CAS and incorporated into or used, directly or indirectly, in connection with supporting, improving, maintaining or otherwise enjoying DIRECTV's CAS and reasonably required for DIRECTV's full and unrestricted exercise and enjoyment of its CAS;

Seventeenth Defense: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers are barred by Section 14(b) of the MWA, under which Synamedia covenants not to "assert against DIRECTV . . . any claim of infringement of any patent, mask work, trade secret, copyright or other Intellectual Property Rights owned or controlled by NDS or NDS's subsidiaries in any Deliverables or Intellectual Property Rights provided pursuant to this Agreement or any other deliverables or intellectual property

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

provided pursuant to the SSA ('NDS IP'), which claim arises from or relates to…(b) for continued use and support of any satellite television receiving equipment made prior to such termination of this Agreement (including continued use and support thereof after termination of this Agreement)," which "covenant is non-exclusive and shall survive any termination or assignment of this Agreement only to the extent of (b) above where such manufacture of the DIRECTV Product was done prior to the termination of this Agreement." *See, e.g.*, *Entropic Commc'ns, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954, 962–63 (C.D. Cal. 2023) (dismissing infringement claims pursuant to covenant not to sue for infringement in agreement); *see also Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1314 (Fed. Cir. 2018) (holding "use was contractually permitted and therefore not a proper basis of liability for trade secret misappropriation"). Synamedia's claims for relief expressly "arise[] from or relate[] to" DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers in violation of Section 14(b) of the MWA. *See, e.g.*, Dkt. 255 at ¶¶ 110–111 (premising Synamedia's trade secret misappropriation claims solely on "DIRECTV's use of Synamedia's conditional access technology since expiration" and DIRECTV "continuing to activate and deploy set top boxes with 'Middleware Software and Deliverables' after July 31, 2024"), ¶ 142 (basing Synamedia's claim for breach of the SSA on DIRECTV "ha[ving] continued to use Synamedia's conditional access technology, including Synamedia's IPR, following expiration of the Agreement"), ¶ 151 (arguing breach of the MWA due solely to DIRECTV "continuing to activate and deploy set top boxes"), ¶ 166 (basing Synamedia's copyright infringement claim solely on "[a]s of August 1, 2024, DIRECTV ha[ving] no license or

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

authorization to use Synamedia's CA system or to reproduce, make derivatives of, or distribute the Verifier code"); and

Eighteenth Defense: Testimony of the Parties' witnesses and documentary evidence will show Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its set-top boxes and satellite receivers, are preempted by copyright law because they depend on showing infringement of Synamedia's intellectual property based on DIRECTV's alleged lack of a license to such intellectual property. *See, e.g.*, Dkt. 255 at ¶¶ 110–111 (premising Synamedia's trade secret misappropriation claims solely on "DIRECTV's use of Synamedia's conditional access technology since expiration" and DIRECTV "continuing to activate and deploy set top boxes with 'Middleware Software and Deliverables' after July 31, 2024"), ¶ 142 (basing Synamedia's claim for breach of the SSA on DIRECTV "ha[ving] continued to use Synamedia's conditional access technology, including Synamedia's IPR, following expiration of the Agreement"), ¶ 151 (arguing breach of the MWA due solely to DIRECTV "continuing to activate and deploy set top boxes"), ¶ 166 (basing Synamedia's copyright infringement claim solely on "[a]s of August 1, 2024, DIRECTV ha[ving] no license or authorization to use Synamedia's CA system or to reproduce, make derivatives of, or distribute the Verifier code").. "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991). Infringement occurs when a defendant violates one of the exclusive rights granted to copyright holders, including: the right to reproduce the copyrighted work, to prepare derivative works, and to distribute copies to the public. 17 U.S.C. § 106. The copying must be beyond the scope of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

defendant's license. *See MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 517 (9th Cir. 1993). Synamedia's claims are all premised on the same alleged conduct and "nucleus of facts"—DIRECTV's alleged unauthorized use of such intellectual property after the purported expiration of the Parties' agreements—and are therefore preempted. *See, e.g.*, *Marshall & Swift/Boeckh*, 2009 WL 10668449, at *19–20 (finding "the Copyright Act preempts [plaintiff's] breach-of-express-contract claim" because "the same conduct that underlies [plaintiff's] breach-of-express-contract claim serves as the basis for [plaintiff's] copyright claims" and "the right [plaintiff] seeks to vindicate through its contract claim is equivalent to the exclusive rights of reproduction and distribution protected by the Copyright Act"); *Sybersound*, 517 F.3d at 1150 (affirming district court's dismissal of California state law claims based on finding Copyright Act preempted state law claims depending on showing copyright infringement, where "underlying basis" of each state law claim was "fail[ure] to obtain complete licenses" for copyrighted material)*; see also Kabehie*, 102 Cal. App. 4th at 522–23 ("[T]he language of the [Copyright] Act supports a conclusion that Congress intended to preempt most breach of contract actions…Congress intended to preempt those breach of contract actions seeking to enforce the plaintiff's exclusive right to reproduce, perform, distribute or display copyrightable material.").

**g) <u>Third Parties</u>**

There are no third parties to this matter.

**h) <u>Identification of Any Anticipated Evidentiary Issues and DIRECTV's Position on those Issues</u>**

DIRECTV does not presently anticipate any evidentiary issues.

**i) <u>Identification of Any Issues of Law Germane to the Case and DIRECTV's Position on those Issues</u>**

**<u>Standing</u>**

Standing is a threshold issue of law for the Court because, to object to DIRECTV's alleged post-Term use of the purported copyright in its Fifth Claim for Relief, Synamedia must possess some post-Term interest in the copyright that satisfies Article III standing.

To establish Article III standing, Synamedia must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61. To establish injury in fact, Synamedia must show it suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. at 560 (citation modified). For the injury to be "particularized," it "must affect [Synamedia] in a personal and individual way." *Id*., n.1. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016). Synamedia can only be injured by DIRECTV's post-Term use of a copyrighted work if it possesses an independent right to exclude DIRECTV's use. *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of its license."). Otherwise, if Synamedia lacks exclusive rights to license DIRECTV's post-Term use, DIRECTV could go to the party that possesses the exclusive right and Synamedia would suffer no injury.

Synamedia has only pointed to its status as a novated party to the SSA, arguing it is the proper plaintiff for contract-related claims because it is a party to the SSA. However, Synamedia's argument establishes, at most, only a bare right to sue for a breach of the license's scope (or, as discussed, a bare right to sue for copyright infringement). But under Ninth Circuit precedent, the owner of "a bare right to sue for infringement" of a copyright lacks standing to assert a claim related to the copyright. *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013). Synamedia's status as the proper plaintiff for contract-related claims does not

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

establish a right to assert, pursue, or recover on a claim premised on use of a copyright. Precedent thus bars Synamedia's recovery on a breach of contract claim to the extent breach is based on exceeding the scope of a license to a copyright if Synamedia does not own one of the exclusive rights under the Copyright Act.

Any assignment or exclusive license must be in writing. *Effects Assocs. Inc. v. Cohen*, 908 F.2d 555, 557–58 (9th Cir. 1990) (holding exclusive licenses, because they transfer copyright ownership, must be in writing). The writing must be signed by the owner of the rights conveyed and be the product of the parties' negotiations. 17 U.S.C. § 204(a) (requiring transfers of copyright be in writing). DIRECTV requested these specific documents during discovery and successfully moved to compel the same. *See* Dkt. 292 at 4:5–5:20, 14:8–19, 18:24–19, 22:16–24:5, 24:20–25:8, 35:9–36:23. However, Synamedia's production provided no evidence of ownership or exclusive rights allowing it to enforce the copyright at issue. *Cf. Amini Innovation Corp. v. Anthony California Inc.*, No. CV 03–8749, 2006 WL 6855371, at *8 (C.D. Cal. Sep. 21, 2006) (explaining production of a document requested in discovery after the close of discovery is improper).

Accordingly, standing is a threshold issue of law for the Court.

**<u>Preemption</u>**

Preemption is an issue of law germane to the case. As described herein, Synamedia's Fifth Claim for Relief for breach of the SSA is premised on the same alleged conduct and "nucleus of facts"—DIRECTV's alleged implied promise to not use Synamedia's allegedly copyrighted software after the Term of the SSA. Synamedia asserts a claim for breach of the SSA specifically premised on DIRECTV's alleged use of "conditional access technology" after the Term constituting a material breach by "continuing to use Synamedia's IPR without a license." *See* Dkt. No. 255 at ¶¶ 141–42; *see, e.g., id.* at ¶ 50 ("Although the Agreement expired on July 31, 2024, DIRECTV continues to use Synamedia's conditional access technology, thereby willfully misappropriating Synamedia's trade

secrets and infringing Synamedia's copyright connected to the technology at issue."), ¶ 74 ("Because the parties' Agreement has expired, DIRECTV no longer has a license to Synamedia's Verifier."), ¶ 75 ("Despite this, upon information and belief, DIRECTV continues to utilize all components of Synamedia's CA system to which it has access, including Synamedia's copyright-protected Verifier code and/or derivatives thereof.").

The Copyright Act explicitly makes the preemption analysis a two-step inquiry. The first question is whether the work at issue comes within the subject matter of copyright. *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir.1987), *overruled on other grounds* (citing 17 U.S.C. § 301); *see also Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1057 (C.D. Cal. 2000). Synamedia asserts its Verifier code, the technology DIRECTV is accused of using in violation of an implied license condition, is protected by copyright. *See* Dkt. No. 255 at ¶ 75. If the works at issue are within the subject matter of copyright, courts are to undertake a second step in the preemption analysis, asking whether the rights granted under state law are "equivalent to any of the exclusive rights within the general scope of copyright." *Del Madera*, 820 F.2d at 976; *see also Selby*, 96 F. Supp. 2d at 1057.

Here, Synamedia itself has described its breach of contract claim as equivalent to the exclusive rights within the general scope of copyright because the obligation it contends is implied by the express terms is simply an agreement to not use the allegedly copyrighted material. Dkt. No. 255 at ¶¶ 50, 74, 75, 141–42. Under these circumstances:

> If the promise was simply to refrain from copying the material or infringing the rights protected by copyright, then the promisor has promised nothing more than that which was already required under federal copyright law. The promise not to infringe adds nothing to a breach of contract action for copyright infringement. A breach of contract action based on this type of promise must be preempted in order to prevent parties from circumventing federal copyright law and nullifying the preemption provided for in section 301.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Kabehie*, 102 Cal. App. 4th at 526; *see also Selby*, 96 F. Supp. 2d at 1061–62 ("Defendants' alleged promise not to 'use' plaintiff's ideas does not prohibit any conduct beyond that prohibited by the Copyright Act.")

Accordingly, whether Synamedia's Fifth Claim for Relief is preempted at least in part under Section 301 of the Copyright Act is a germane issue of law for the Court.

DIRECTV does not presently anticipate any other issues of law germane to the case.

***II. Bifurcation of Issues (L.R. 16-4.3)***

Issues in this matter have been bifurcated already "such that issues related to interpretation of" the SSA, the MWA, and the UA "are subject to discovery and adjudication by summary judgment and bench trial first" (i.e., "Phase One") and "after trial concludes on the contract interpretation issues, the remaining liability issues as well as damages as to all claims will be subject to discovery and then adjudication" (i.e., "Phase Two"). *See* Dkt. 73 at 10–11. In particular, discovery and then adjudication of Synamedia's asserted intellectual property rights are reserved for "Phase Two." As described herein, Synamedia's claims are all premised on the same alleged conduct and "nucleus of facts"—DIRECTV's alleged lack of a license to Synamedia's intellectual property and continued use and attendant infringement and misappropriation of such intellectual property after the purported expiration of the Parties' agreements. Synamedia's claims based on alleged continued use of Synamedia's asserted intellectual property rights should therefore be likewise reserved for "Phase Two" so the Parties can engage in discovery and then adjudication of Synamedia's asserted intellectual property rights underlying its claims.

***III. Jury Trial (L.R. 16-4.4)***

Section 13.3 of the SSA requires "[a]ny dispute concerning Intellectual Property Rights, violation of license rights, Transition or Termination…shall be

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

resolved by a judge, sitting without a jury, in the federal or state courts located within Los Angeles County in the State of California." Neither Party has made a demand for a trial by jury; instead, this matter will be tried to the Court and is scheduled for a "Bench Trial." *See* Dkt. 319 at 2.

***IV. Attorneys' Fees (L.R. 16-4.5)***

DIRECTV is entitled to recover its attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D), Cal. Civ. Code § 3426.4, 35 U.S.C. § 285, and Section 13.4 of the SSA.

The factual and legal bases for DIRECTV's claims for recovery of its attorneys' fees and costs are "subject to discovery and then adjudication" in "Phase Two" of this matter, which will occur "after trial concludes on the [Phase One] contract interpretation issues." *See* Dkt. 73 at 10–11.

***V. Abandonment of Issues (L.R. 16-4.6)***

Paragraphs 24–28 and 71–72, the heading preceding Paragraph 71, and footnote 10 to Paragraph 72, are stricken from the Third Amended Complaint ("TAC"). *See* Dkt. 268 at 1. Synamedia's Fifth Claim for Relief "based on DIRECTV's alleged violation of the terms of the SSA and continued unlicensed and unauthorized use of Synamedia's proprietary technology, trade secrets, and copyright, as described more fully in the TAC, and not on infringement of any of Synamedia's patents." *See id.*

Otherwise, none of DIRECTV's pleaded claims or affirmative defenses have been abandoned.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: April 21, 2026

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Christina J. Moser*

Christina J. Moser (S.B.N. 199027)
cmoser@bakerlaw.com
Jeremy Chai (S.B.N. 335250)
jchai@bakerlaw.com
Michael Patrick Brown (SBN 328579)
mpbrown@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

Lisa N. Collins (*pro hac vice*)
lncollins@bakerlaw.com
BAKER & HOSTETLER LLP
1170 Peachtree Street NE, Suite 2400
Atlanta, GA 30309
Telephone: 404.459.0050
Facsimile: 404.459.5734

Kevin P. Flynn (*pro hac vice*)
kflynn@bakerlaw.com
Scott A. Skiles (*pro hac vice*)
sskiles@bakerlaw.com
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: 513.929.3400
Facsimile: 513.929.0303

*Attorneys for Defendant and Counterclaimant DIRECTV, LLC*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

***Synamedia Americas LLC v. DIRECTV, LLC***
**Case No. 2:24-cv-04967-GW-MAAx**

I, Jeremy Chai, declare:

I am employed in Los Angeles, CA. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301. On April 21, 2026, I served a copy of the within document(s):

**DISRECTV, LLC'S L.R. 16-4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☑ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date.

Julie A. Shepard
*jshepard@jenner.com*
Andrew Gregory Sullivan
*agsullivan@jenner.com*
Madeline Paige Skitzki
*mskitzki@jenner.com*
Kristen Green
*kgreen@jenner.com*
**Jenner and Block LLP**
515 South Flower Street, Suite 3300
Los Angeles, CA 90071

Sriya L. Chadalavada
SChadalavada@jenner.com
Mitchell L. Denti
MDenti@jenner.com
Alec J. Kirmser
AKirmser@jenner.com
**Jenner and Block LLP**
353 N. Clark Street
Chicago, IL 60654

***Attorneys for Plaintiff and Counterdefendant Synamedia Americas LLC***

I declare under penalty of perjury under the laws of the State of California the above is true and correct.

Executed on April 21, 2026 Pacific Time, at Irvine, California.

*/s/ Jeremy Chai*
Jeremy Chai