JENNER & BLOCK LLP
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Andrew G. Sullivan (SBN 301122)
agsullivan@jenner.com
Madeline P. Skitzki (SBN 318233)
mskitzki@jenner.com
Kristen Green (SBN 328618)
kgreen@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

JENNER & BLOCK LLP
Andrew A. Rohrbach (admitted *pro hac vice*)
arohrbach@jenner.com
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: +1 212 891 1600
Facsimile: +1 212 891 1699

*Attorneys for Plaintiff and Counterdefendant Synamedia Americas LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SYNAMEDIA AMERICAS LLC, a Delaware limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, a California limited-liability company,<br><br>Defendant.<br><br>DIRECTV, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>SYNAMEDIA AMERICAS LLC,<br><br>Counterdefendant. | Case No. 2:24-cv-04967 GW (MAAx)<br><br>**PLAINTIFF AND COUNTERDEFENDANT SYNAMEDIA AMERICAS LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)**<br><br>[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]<br><br>Judge: The Honorable George H. Wu<br>Ctrm: 9D, 9th Floor<br><br>Action Filed: June 12, 2024 |

# TABLE OF CONTENTS


I. Claims and Defenses [L.R. 16-4.1] ..... 1

A. Claims and Defenses Synamedia Has Pleaded and Plans to Pursue ..... 1

B. Elements Required to Establish Synamedia's Claims and Defenses ..... 3

C. Key Evidence in Support of Synamedia's Claims and Defenses ..... 7

D. Counterclaims and Defenses DIRECTV Has Pleaded and Plans to Pursue ..... 14

E. Elements Required to Establish DIRECTV's Counterclaims and Defenses ..... 17

F. Key Evidence in Opposition to DIRECTV's Counterclaims and Defenses ..... 24

G. Third Parties ..... 27

H. Anticipated Evidentiary Issues ..... 27

I. Issues of Law ..... 27

II. Bifurcation of Issues [L.R. 16-4.3] ..... 27

III. Jury Trial [L.R. 16-4.4] ..... 28

IV. Attorneys' Fees [L.R. 16-4.5] ..... 28

V. Abandonment of Issues [L.R. 16-4.1] ..... 28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Aguayo v. Amaro*,
213 Cal. App. 4th 1102 (2013) .......... 21

*City of Colton v. Am. Promotional Events, Inc.-W.*,
614 F.3d 998 (9th Cir. 2010) .......... 4, 5, 17, 18, 21

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*,
30 Cal. App. 4th 54 (1994) .......... 6, 21

*Hill v. Xerox Bus. Servs., LLC*,
59 F.4th 457 (9th Cir. 2023) .......... 23

*JMR Constr. Corp. v. Env't Assessment & Remediation Mgmt., Inc.*,
198 Cal. Rptr. 3d 47 (Cal. App. 2015), *as modified on denial of reh'g* (Jan. 28, 2016) .......... 23

*Leiter v. Eltinge*,
246 Cal. App. 2d 306 (1966) .......... 6, 22

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022) .......... 23

*Wind Dancer Prod. Grp. v. Walt Disney Pictures*,
10 Cal. App. 5th 56 (2017) .......... 6, 22


**Statutes**


17 U.S.C. § 101 .......... 29

17 U.S.C. § 501 .......... 23

Cal. Civ. Code § 1436 .......... 23

Cal. Civ. Code § 3515 .......... 6, 22


**Other Authorities**


2 Cal. Affirmative Def. § 32:1 (2d ed.) .......... 6, 22

Pursuant to Local Rule 16-4, Plaintiff and Counterdefendant Synamedia Americas LLC ("Synamedia") submits this Memorandum of Contentions of Fact and Law. Synamedia reserves the right to amend and supplement its contentions of fact and law based on developments in the litigation, rulings on motions in limine, and other pre-trial filings.

## I. Claims and Defenses [L.R. 16-4.1]

### A. Claims and Defenses Synamedia Has Pleaded and Plans to Pursue

Synamedia has pleaded and plans to pursue in Phase 1 the following claims, which are set forth in Synamedia's Third Amended Complaint (Dkt. 255):

Claim 3 (Declaratory Relief): Synamedia is entitled to a judgment declaring: (a) DIRECTV did not validly declare a Transition; (b) DIRECTV waived any Transition-related rights under the Agreement because it failed to allow for sufficient time during the Agreement Term to complete a valid Transition; (c) the condition precedent for Synamedia's Transition-related obligations under the Agreement did not occur; (d) DIRECTV's Notice of Breach regarding its purported Declaration of Transition is without merit; (e) the Agreement does not provide DIRECTV a perpetual license upon expiration of the Agreement; (f) DIRECTV waived its right to the Technology Escrow; (g) the Agreement does not obligate Synamedia to deliver [redacted] in connection with Purchase Order No. 30766490 to DIRECTV post-expiration of the Agreement; and (h) Synamedia is entitled to compensation for fulfillment of Purchase Order No. 30766490 notwithstanding the fact that DIRECTV may not be permitted to use the [redacted] delivered pursuant to this Purchase Order.[1]

---

[1] Synamedia's claim for declaratory judgment includes a request for a declaration that DIRECTV's use of Synamedia's intellectual property after July 31, 2024, including use of the [redacted] delivered in connection with Purchase Order No. 30766490, constitutes misappropriation of Synamedia's trade secrets and infringement of Synamedia's copyright TX0005640023. Given the nature of the relief, this claim is reserved for Phase 2 and will not be part of the Phase 1 trial.

Claim 4 (Breach of the Implied Covenant of Good Faith and Fair Dealing – Security Services Agreement): DIRECTV breached the implied covenant of good faith and fair dealing by (a) asserting in bad faith, and in direct contradiction to the explicit terms of the Security Services Agreement ("SSA"), that it possesses a "perpetual license" to Synamedia's intellectual property beyond expiration of the SSA; (b) issuing Purchase Order No. 30766490; and (c) issuing an invalid Declaration of Transition.

Claim 5 (Breach of Contract – Security Services Agreement): DIRECTV breached the SSA by invalidly declaring a Transition and continuing to use Synamedia's intellectual property without a license.

Claim 6 (Breach of Contract – Middleware Agreement): DIRECTV has breached the 2011 Middleware Development and License Agreement ("Middleware Agreement") by continuing to maintain a copy of Synamedia's middleware and to activate, deploy, manufacture, and have manufactured [redacted] employing Synamedia's middleware after the expiration of the Middleware Agreement.

Claim 7 (Declaratory Relief – Middleware Agreement): Synamedia is entitled to a judgment declaring: (a) the Middleware Agreement, as amended by the Agreement to Align Terms and Conditions Across NDS Agreements ("Umbrella Agreement") and Amendment No. 40019.A.004 ("UA4"), expired on July 31, 2024; (b) the Renewal Provision allowed DIRECTV to extend the Umbrella Agreement in its entirety, but did not allow DIRECTV to extend the Middleware Agreement in isolation; (c) DIRECTV did not validly renew or extend the Middleware Agreement; (d) DIRECTV did not validly renew or extend the Umbrella Agreement or UA4; (e) DIRECTV was not permitted to extend the Middleware Agreement without paying the [redacted]; (f) DIRECTV no longer has the rights provided under the Middleware Agreement that are limited to the Term of the Middleware Agreement, including the rights provided under Sections 6.3(a)(i)(1) and 6.3(a)(i)(9) of the Middleware Agreement.

Synamedia has pleaded and plans to pursue in Phase 1 the following defenses, which are set forth in Synamedia's Answer to DIRECTV LLC's Counterclaims (Dkt. 281):

Synamedia's Defense 1 (Failure to State a Claim): DIRECTV's Counterclaims fail to state facts sufficient to constitute any causes of action upon which relief can be granted.

Synamedia's Defense 2 (Waiver): DIRECTV's Counterclaims are barred because DIRECTV waived its rights under the SSA, including its right to declare a Transition under the SSA.

Synamedia's Defense 4 (Estoppel): DIRECTV's Counterclaims are barred because DIRECTV has violated the SSA and has repeatedly rejected Synamedia's good faith attempts to negotiate reasonable terms for an extension of the SSA.

Synamedia's Defense 8 (Consent): DIRECTV's Counterclaims are barred because DIRECTV consented to and approved of all the acts and omissions about which DIRECTV now complains.[2]

### B. Elements Required to Establish Synamedia's Claims and Defenses

Elements Required to Establish Claim 3 (Declaratory Relief)

1. There is a substantial controversy with respect to Synamedia's requests in Claim 3;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. Synamedia is entitled to the requests in Claim 3.

---

[2] Synamedia is not asserting the following defenses in Phase 1, but reserves the right to assert them in Phase 2: Defense 3 (Laches), Defense 5 (Unclean Hands), Defense 6 (Justification), and Defense 10 (Statute of Limitations).

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

Elements Required to Establish Claim 4 (Breach of the Implied Covenant of Good Faith and Fair Dealing – Security Services Agreement)

1. Synamedia and DIRECTV entered into the SSA;
2. Synamedia did all, or substantially all, of the significant things that the SSA required it to do or it was excused from having to do those things;
3. All conditions required for DIRECTV's performance occurred;
4. DIRECTV (a) asserted in bad faith, and in direct contradiction to the explicit terms of the SSA, that it possesses a "perpetual license" to Synamedia's intellectual property beyond expiration of the SSA; (b) issued Purchase Order No. 30766490; and (c) issued an invalid Declaration of Transition.
5. By doing so, DIRECTV did not act fairly and in good faith; and
6. Synamedia was harmed by DIRECTV's conduct.[3]

Judicial Council of California Civil Jury Instruction 325.

Elements Required to Establish Claim 5 (Breach of Contract – Security Services Agreement)

1. Synamedia and DIRECTV entered into the SSA;
2. Synamedia did all, or substantially all, of the significant things that the SSA required it to do or it was excused from having to do those things;
3. All conditions required for DIRECTV's performance occurred;
4. DIRECTV invalidly declared a Transition and is continuing to use Synamedia's intellectual property without a license;
5. Synamedia was harmed; and
6. DIRECTV's breach was a substantial factor in causing Synamedia's harm.[4]

---

[3] The case has been bifurcated. *See* Section II, *infra*. Element 6 of Claim 4 will not be covered in the Phase 1 trial.

[4] Elements 5 and 6 of Claim 5 will not be covered in the Phase 1 trial.

Judicial Council of California Civil Jury Instruction 303.

Elements Required to Establish Claim 6 (Breach of Contract – Middleware Agreement)

1. Synamedia and DIRECTV entered into the Middleware Agreement;
2. Synamedia did all, or substantially all, of the significant things that the Middleware Agreement required it to do or it was excused from having to do those things;
3. All conditions required for DIRECTV's performance occurred;
4. DIRECTV is continuing to maintain a copy of Synamedia's middleware and to activate, deploy, manufacture, and have manufactured [redacted] employing Synamedia's middleware after the expiration of the Middleware Agreement without a license;
5. Synamedia was harmed; and
6. DIRECTV's breach was a substantial factor in causing Synamedia's harm.[5]

Judicial Council of California Civil Jury Instruction 303.

Elements Required to Establish Claim 7 (Declaratory Relief – Middleware Agreement)

1. There is a substantial controversy with respect to Synamedia's requests in Claim 7;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. Synamedia is entitled to the requests in Claim 7.

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

Elements Required for Synamedia's Defense 1 (Failure to State a Claim)

[5] Elements 5 and 6 of Claim 6 will not be covered in the Phase 1 trial.

1. DIRECTV's facts are insufficient as a matter of law to establish the claims identified in their Counterclaims.

Elements Required for Synamedia's Defense 2 (Waiver)

1. DIRECTV intentionally relinquished certain rights under the SSA; or
2. DIRECTV's acts have been so inconsistent with an intent to enforce certain rights under the SSA as to induce a reasonable belief that such rights have been relinquished; or
3. DIRECTV waived enforcement of a provision by treating the SSA as still viable and accepting performance rather than suing for breach.

*Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 78–81 (2017); *Leiter v. Eltinge*, 246 Cal. App. 2d 306, 317–18 (1966); Judicial Council of California Civil Jury Instruction 336.

Elements Required for Synamedia's Defense 4 (Estoppel)

1. DIRECTV knew the parties' obligations under the SSA;
2. DIRECTV intended that its conduct be acted upon;
3. Synamedia was ignorant of the true state of facts; and
4. Synamedia relied upon DIRECTV's conduct to its injury.

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*, 30 Cal. App. 4th 54, 59 (1994).

Elements Required for Synamedia's Defense 8 (Consent)

1. DIRECTV previously accepted and consented to the performance now asserted as a breach.

Consent—In general, 2 Cal. Affirmative Def. § 32:1 (2d ed.); Cal. Civ. Code § 3515.[6]

---

[6] Synamedia is not asserting the following defenses in Phase 1, but reserves the right to assert them in Phase 2: Defense 3 (Laches), Defense 5 (Unclean Hands), Defense 6 (Justification), and Defense 10 (Statute of Limitations).

**C. Key Evidence in Support of Synamedia's Claims and Defenses**

Key Evidence in Support of Claim 3 (Declaratory Relief):

a. Synamedia intends to rely on the following evidence to show that DIRECTV did not validly declare a Transition:

- Trial testimony from witnesses including, but not limited to, Ismat Levin and Abe Peled about the negotiations of the SSA and understanding of the parties at the time of negotiating the SSA, including that the Transition provisions of the SSA were to facilitate DIRECTV transition to a different conditional access system; and witnesses about transitions onto compatible, alternative conditional access systems, including DIRECTV's assessment of same;
- The parties' course of dealing, including the fact that DIRECTV has paid [redacted] annually and repeatedly sought contract extensions rather than exercising a "Transition" right to take over the existing conditional access system and that [redacted] This is reflected in, among other things, the parties' series of agreements, payments, correspondence, DIRECTV's internal communications and its communications with one of Synamedia's competitors;
- SSA and the amendments thereto;
- Documents reflecting the SSA's drafting and negotiation history, in which DIRECTV acknowledged Transition as a process that required preparation during the Term of the contract;
- Documents reflecting DIRECTV's [redacted]

[redacted]

b. Synamedia intends to rely on the following evidence to show that DIRECTV waived Transition-related rights under the SSA by failing to allow for sufficient time during the Term to complete a valid Transition:

- Evidence cited in support of Claim 3, Declaratory Relief a.
- Trial testimony, including, but not limited to, from Abe Peled, Ismat Levin, and Tzvi Gerstl regarding the parties' experience and negotiations concerning Transition and what it requires, which, as reflected in the SSA, takes multiple years to accomplish;
- Deposition testimony from Henry Derovanessian, Brian Regan, and Daryl Messenger that when DIRECTV declared a Transition just three months before the SSA's expiration, it intended to continue to operate the conditional access system that was in place without developing new conditional access technology;
- Documents reflecting that DIRECTV has paid [redacted] annually and repeatedly sought contract extensions rather than exercising a "Transition" right to take over the existing conditional access system; the SSA's drafting and negotiation history, in which DIRECTV acknowledged Transition as a process that required preparation during the Term of the contract; DIRECTV's [redacted]

c. Synamedia intends to rely on the following evidence to show that the condition precedent for Synamedia's Transition-related obligations under the Agreement did not occur:

- Evidence cited in support of Claim 3, Declaratory Relief a.

d. Synamedia intends to rely on the following evidence to show that DIRECTV's Notice of Breach regarding its purported Declaration of Transition is without merit:

- Evidence cited in support of Claim 3, Declaratory Relief a–c;
- Trial testimony, including, but not limited to, from Paul Segre that Synamedia did not view DIRECTV's Transition Declaration to be valid;
- Documents reflecting Synamedia's prompt objection to the Transition Declaration, the parties' fundamental disagreement on whether DIRECTV declared a valid Transition, and Synamedia's participation in the dispute resolution process under the SSA.

e. Synamedia intends to rely on the following evidence to show that the SSA does not provide DIRECTV a perpetual license upon expiration:

- Trial testimony from Abe Peled and Ismat Levin on the parties' negotiations and understanding of the SSA's licensing provisions;
- Deposition testimony from Brian Regan on the limits of the SSA's licensing provisions;
- SSA and the amendments thereto, including the negotiations of the amendments and DIRECTV's internal documents concerning those negotiations.

f. Synamedia intends to rely on the following evidence to show that DIRECTV waived its right to the Technology Escrow:

- Trial testimony, including, but not limited to, from Abe Peled on the purpose of the escrow provision in the SSA; Aaron Fimbres regarding his recent communications with the escrow company;
- The SSA and UA4;
- The escrow agreements between the parties;
- Documents reflecting that the Technology Escrow Account was terminated;
- DIRECTV's internal documents regarding establishing an escrow account in 2020.

g. Synamedia intends to rely on the following evidence to show that the SSA does not obligate Synamedia to deliver [redacted] in connection with Purchase Order No. 30766490 to DIRECTV post-expiration of the SSA:

- Evidence cited under Declaratory Relief a–c, e;
- Trial testimony, including, but not limited to, from Paul Segre, Lucy Norris, and Aaron Fimbres that Synamedia fulfilled PO No. 30766490 with reservation of rights, as Synamedia was not contractually obligated to deliver these [redacted];
- Documents showing PO No. 30766490 represented [redacted] and that Synamedia only delivered cards for this PO with reservation of rights;
- SSA and amendments thereto.

h. Synamedia intends to rely on the following evidence to show that Synamedia is entitled to compensation for fulfillment of Purchase Order No. 30766490 notwithstanding the fact that DIRECTV may not be permitted to use the [redacted] delivered pursuant to this Purchase Order.

- Evidence cited under Declaratory Relief a–c, e, and g;
- SSA; Umbrella Agreement; UA4.

Key Evidence in Support of Claim 4 (Breach of the Implied Covenant of Good Faith and Fair Dealing – Security Services Agreement):

- Trial testimony, including, but not limited to, from Ismat Levin and Abe Peled about the negotiations of the SSA and understanding of the parties at the time of negotiating the SSA; from Ismat Levin, Paul Segre, and Lucy Norris regarding DIRECTV's conduct in frustrating Synamedia's contractual rights;
- SSA; 2007 Term Sheet; Umbrella Agreement; UA4;
- Documents reflecting that Synamedia performed its obligations through the Term of the SSA, and Synamedia's conditional access technology secured and continues to serve DIRECTV's [redacted] revenue generation;
- Deposition testimony from Henry Derovanessian, Brian Regan, and Daryl Messenger that DIRECTV intended to operate the existing Synamedia/NDS-developed CA system following the expiration of the SSA, without developing replacement technology;
- Documents reflecting that DIRECTV withdrew its proposal for an extension of UA4 during ongoing negotiations and purported to declare a Transition; that DIRECTV manufactured a pretextual breach by issuing PO No. 30766490 in April 2024 for [redacted], despite knowing UA4 was about to expire, demanding an impossible 10-day fulfillment, and then issuing a Notice of Breach when Synamedia objected;
- Evidence cited in support of Claim 3, Declaratory Relief a, d, and g.

Key Evidence in Support of Claim 5 (Breach of Contract – Security Services Agreement):

- Trial testimony, including, but not limited to, from Ismat Levin and Abe Peled about the negotiations of the SSA and understanding of the parties at the time of negotiating the SSA; from Tzvi Gerstl, Aaron Fimbres, and

Lucy Norris that DIRECTV has continued to use Synamedia's conditional access technology after expiration of the SSA;

- SSA; 2007 Term Sheet; Umbrella Agreement; UA4;
- Documents reflecting that Synamedia performed its obligations through the Term of the SSA, and Synamedia's conditional access technology secured and continues to serve DIRECTV's [redacted] revenue generation;
- Deposition testimony from Henry Derovanessian, Daryl Messenger, and Brian Regan that when DIRECTV declared a Transition, it intended to continue to operate, and it still continues to operate, the conditional access system that was in place without developing new conditional access technology;
- Documents reflecting DIRECTV's continued use of Synamedia's conditional access technology following the expiration of the SSA without a license, including DIRECTV's PO No. 30766490 for a multi-year outlook of cards evidencing DIRECTV's intent to use Synamedia's technology for years beyond the expiration of the SSA.

<u>Key Evidence in Support of Claim 6 (Breach of Contract – Middleware Agreement):</u>

- Trial testimony, including, but not limited to, from Ajmair Heer and Ismat Levin regarding negotiations of the Middleware Agreement and UA4 and Synamedia's performance of its obligations thereunder;
- Deposition testimony from Henry Derovanessian and Brian Regan confirming that DIRECTV continues to maintain copies of Synamedia's middleware and to manufacture, have manufactured, activate, and deploy [redacted] with Synamedia's middleware after the expiration of the UA4;

- Documents reflecting UA4's drafting and negotiation history, including that the parties negotiated a bundled fixed fee pricing arrangement; DIRECTV's attempts to renew the MWA on a standalone basis without referencing any purported pre-existing perpetual middleware license rights under the SSA;
- DIRECTV's documents reflecting its continued exploitation of Synamedia's middleware;
- Expert testimony from David Tollen regarding IT industry custom and practice regarding bundling;
- Middleware Agreement; Umbrella Agreement; UA4.

Key Evidence in Support of Claim 7 (Declaratory Relief – Middleware Agreement):

- Evidence cited in support of Claim 6.

Key Evidence in Support of Synamedia's Defense 1 (Failure to State a Claim):

- Evidence cited in support of Claim 3, Declaratory Relief a.

Key Evidence in Support of Synamedia's Defense 2 (Waiver):

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief b.

Key Evidence in Support of Synamedia's Defense 4 (Estoppel):

- Evidence cited under Synamedia's Claim 3, Declaratory Relief b and e.
- Trial testimony, including, but not limited to, from Abe Peled that no one at DIRECTV ever communicated a belief that DIRECTV could continue using Synamedia's conditional access technology after the SSA expired.
- Documents reflecting that DIRECTV's conduct over two decades, including negotiating multiple extensions, paying [redacted], and engaging with [redacted] under a Competitive Assessment to explore a replacement conditional access system, all induced Synamedia's reasonable reliance that DIRECTV would not assert an alleged right to

continue to use Synamedia's conditional access system "as is" in perpetuity without continuing to pay license fees.

Key Evidence in Support of Synamedia's Defense 8 (Consent):

- Trial testimony, including, but not limited to, from Abe Peled and Ismat Levin about the negotiations of the SSA and understanding of the parties at the time of negotiating the SSA;
- Documents reflecting that DIRECTV consented to and knew of the contractual limitations that preclude the alleged rights DIRECTV now asserts, including that DIRECTV's license was limited to the Term and that a valid Transition required development of replacement technology;
- SSA; Umbrella Agreement; UA4.

**D. Counterclaims and Defenses DIRECTV Has Pleaded and Plans to Pursue**

DIRECTV has indicated it intends to pursue the following Counterclaims (Dkt. 269) in Phase 1:

Counterclaim 1 (Judicial Declaration that DIRECTV Has Not Waived Its Contractual Right to Declare a Transition): DIRECTV seeks a declaratory judgment that it has not waived its right to declare a Transition under the SSA.

Counterclaim 2 (Judicial Declaration that DIRECTV Validly Declared a Transition): DIRECTV seeks a declaratory judgment that it validly declared Transition.

Counterclaim 3 (Breach of Contract: Failure to Participate in Transition or Provide Additional Transition Services or other Conditional Access Services): DIRECTV alleges that Synamedia has breached the SSA by failing to participate in Transition or provide "specific Additional Transition Services or other Conditional Access Services."

Counterclaim 4 (Judicial Declaration that DIRECTV Has a Perpetual Right and License to Synamedia's Intellectual Property Rights): DIRECTV seeks a

declaratory judgment that it has a "perpetual right and license" to the Conditional Access Segment provided by Synamedia to DIRECTV.

Counterclaim 5 (Breach of Contract: Failure to Acknowledge or Act Consistently with DIRECTV's Perpetual Right and License): DIRECTV alleges Synamedia breached the SSA by refusing to acknowledge DIRECTV's alleged perpetual right and license.

Counterclaim 10 (Breach of Contract: Failure to Perform Through Resolution of Dispute-Resolution Process): DIRECTV alleges Synamedia breached Section 13.6 of the SSA by not continuing to perform under the SSA after the SSA expired.

Counterclaim 11 (Judicial Declaration that DIRECTV Has License and Use Rights to Middleware Software and Deliverables in Perpetuity): DIRECTV seeks a declaratory judgment that it has the license and use rights enumerated in Sections 6.3(a)(i)(2)-(5) and (8) of the Middleware Agreement in perpetuity.

Counterclaim 12 (Judicial Declaration that DIRECTV Validly and Timely Renewed the Middleware Development and License Agreement): DIRECTV seeks a declaratory judgment that it validly and timely renewed the Middleware Agreement.

Counterclaim 13 (Judicial Declaration that Synamedia Is in Breach of the Middleware Development and License Agreement): DIRECTV seeks a declaratory judgment that Synamedia breached the Middleware Agreement and must perform its alleged obligations during the alleged renewal term.

DIRECTV has indicated it intends to pursue the following defenses (Dkt. 269) in Phase 1:

DIRECTV's Defense 2: DIRECTV alleges that Synamedia's claims are barred by principles of equity, including estoppel or the doctrine of unclean hands.

DIRECTV's Defense 3: DIRECTV alleges that Synamedia's claims are barred by the doctrines of waiver and/or acquiescence and/or DIRECTV's alleged actions were justified.

DIRECTV's Defense 6: DIRECTV alleges that Synamedia's claims are barred by the terms of the SSA, the Middleware Agreement, and the Umbrella Agreement and their respective amendments.

DIRECTV's Defense 8: DIRECTV alleges that Synamedia's claims are not ripe because Synamedia has failed to comply with conditions precedent set forth in the SSA.

DIRECTV's Defense 9: DIRECTV alleges that at least some of Synamedia's claims are subject to the SSA's arbitration clause.

DIRECTV's Defense 10: DIRECTV alleges that Synamedia lacks standing to assert claims for copyright infringement or has failed to join a necessary plaintiff in this action.[7]

DIRECTV's Defense 12: DIRECTV alleges that DIRECTV is licensed under at least Sections 9.1.1, 9.1.2, 13.6, and 18.2.1 of the SSA to use any of Synamedia's trade secrets or copyrights relating to the Conditional Access Segment as well as the middleware operating on DIRECTV's [redacted] and satellite receivers.

DIRECTV's Defense 17: DIRECTV alleges that Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its [redacted] and satellite receivers are barred by Section 14(b) of the Middleware Agreement.

DIRECTV's Defense 18: DIRECTV alleges that Synamedia's claims for relief based on DIRECTV's alleged continued use of intellectual property relating to DIRECTV's Conditional Access Segment as well as the middleware operating on its [redacted] and satellite receivers, are preempted by applicable law and such other claims.

---

[7] Synamedia has filed a motion in limine seeking to preclude DIRECTV from raising this defense and any associated evidence at trial in Phase 1. *See* Dkt. 426.

### E. Elements Required to Establish DIRECTV's Counterclaims and Defenses

<u>Elements Required to Establish Counterclaim 1 (Judicial Declaration that DIRECTV Has Not Waived Its Contractual Right to Declare a Transition)</u>

1. There is a substantial controversy with respect to DIRECTV's waiver of its right to declare Transition under the SSA;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. DIRECTV has not waived its right to declare a Transition.

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

<u>Elements Required to Establish Counterclaim 2 (Judicial Declaration that DIRECTV Validly Declared a Transition)</u>

1. There is a substantial controversy with respect to whether DIRECTV validly declared a Transition under the SSA;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. DIRECTV validly declared a Transition.

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

<u>Elements Required to Establish Counterclaim 3 (Breach of Contract: Failure to Participate in Transition or Provide Additional Transition Services or other Conditional Access Services)</u>

1. Synamedia and DIRECTV entered into the SSA;

2. DIRECTV did all, or substantially all, of the significant things that the SSA required it to do or it was excused from having to do those things;
3. All conditions required for Synamedia's performance occurred;
4. Synamedia was required to participate in Transition and provide Additional Transition Services under the SSA, yet Synamedia did not participate in Transition or provide Additional Transition Services;
5. DIRECTV was harmed; and
6. Synamedia's breach was a substantial factor in causing DIRECTV's harm.[8]

Judicial Council of California Civil Jury Instruction 303.

<u>Elements Required to Establish Counterclaim 4 (Judicial Declaration that DIRECTV Has a Perpetual Right and License to Synamedia's Intellectual Property Rights)</u>

1. There is a substantial controversy with respect to whether DIRECTV has a perpetual right and license to Synamedia's Intellectual Property Rights;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. DIRECTV has a perpetual license to Synamedia's Intellectual Property Rights.

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

<u>Elements Required to Establish Counterclaim 5 (Breach of Contract: Failure to Acknowledge or Act Consistently with DIRECTV's Perpetual Right and License)</u>

1. Synamedia and DIRECTV entered into the SSA;

---

[8] Elements 5 and 6 of DIRECTV's Counterclaim 3 will not be covered in the Phase 1 trial.

2. DIRECTV did all, or substantially all, of the significant things that the SSA required it to do or it was excused from having to do those things;
3. All conditions required for Synamedia's performance occurred;
4. DIRECTV has a perpetual right and license to Synamedia's conditional access technology under the SSA, yet Synamedia did not act consistently with DIRECTV having that right and license;
5. DIRECTV was harmed; and
6. Synamedia's breach was a substantial factor in causing DIRECTV's harm.[9]

Judicial Council of California Civil Jury Instruction 303.

<u>Elements Required to Establish Counterclaim 10 (Breach of Contract: Failure to Perform Through Resolution of Dispute-Resolution Process)</u>

1. Synamedia and DIRECTV entered into the SSA;
2. DIRECTV did all, or substantially all, of the significant things that the SSA required it to do or it was excused from having to do those things;
3. All conditions required for Synamedia's performance occurred;
4. Synamedia was required to perform as if DIRECTV had validly declared Transition during the SSA's dispute resolution process despite Synamedia's claim that DIRECTV did not validly declare Transition, and Synamedia did not perform as such;
5. DIRECTV was harmed; and
6. Synamedia's breach was a substantial factor in causing DIRECTV's harm.[10]

Judicial Council of California Civil Jury Instruction 303.

---

[9] Elements 5 and 6 of DIRECTV's Counterclaim 5 will not be covered in the Phase 1 trial.

[10] Elements 5 and 6 of DIRECTV's Counterclaim 10 will not be covered in the Phase 1 trial.

Elements Required to Establish Counterclaim 11 (Judicial Declaration that DIRECTV Has License and Use Rights to Middleware Software and Deliverables in Perpetuity)

1. There is a substantial controversy with respect to whether DIRECTV has a perpetual license and use rights to Synamedia's Middleware Software and Deliverables;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. DIRECTV has a perpetual license and use rights to Synamedia's Middleware Software and Deliverables.

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

Elements Required to Establish Counterclaim 12 (Judicial Declaration that DIRECTV Validly and Timely Renewed the Middleware Development and License Agreement)

1. There is a substantial controversy with respect to whether DIRECTV validly and timely renewed the Middleware Agreement;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. DIRECTV validly and timely renewed the Middleware Agreement.

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

Elements Required to Establish Counterclaim 13 (Judicial Declaration that Synamedia Is in Breach of the Middleware Development and License Agreement)

1. There is a substantial controversy with respect to whether Synamedia breached the Middleware Agreement;
2. The controversy is between Synamedia and DIRECTV, which have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. Synamedia breached the Middleware Agreement.

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004–05 (9th Cir. 2010).

Elements Required to Establish DIRECTV's Defense 2 (Estoppel and Unclean Hands)

1. Synamedia is asserting equitable claims and
2. Estoppel:
    a. Synamedia knew the parties' obligations under the SSA;
    b. Synamedia intended that its conduct be acted upon;
    c. DIRECTV was ignorant of the true state of facts; and
    d. DIRECTV relied upon Synamedia's conduct to its injury.

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*, 30 Cal. App. 4th 54, 59 (1994).

3. Unclean hands:
    a. Synamedia engaged in conduct that violates conscience, good faith, or other equitable standards of conduct;
    b. That conduct was directly related to DIRECTV's claims against Synamedia.

*Aguayo v. Amaro*, 213 Cal. App. 4th 1102, 1110 (2013).

<u>Elements Required to Establish DIRECTV's Defense 3 (Waiver, Acquiescence, Justification)</u>

1. Waiver
    a. Synamedia intentionally relinquished certain rights under the SSA; or
    b. Synamedia's acts have been so inconsistent with an intent to enforce certain rights under the SSA as to induce a reasonable belief that such rights have been relinquished; or
    c. Synamedia waived enforcement of a provision by treating the SSA as still viable and accepting performance rather than suing for breach.

*Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 78–81 (2017); *Leiter v. Eltinge*, 246 Cal. App. 2d 306, 317–18 (1966); Judicial Council of California Civil Jury Instruction 336.

2. Acquiescence
    a. Synamedia previously accepted and consented to the performance now asserted as a breach.

Consent—In general, 2 Cal. Affirmative Def. § 32:1 (2d ed.); Cal. Civ. Code § 3515.

3. DIRECTV's actions were justified:
    a. Synamedia is not aware of such a defense to the claims at issue in Phase 1.

<u>Elements Required to Establish DIRECTV's Defense 6 (Terms of the Agreements)</u>

1. DIRECTV has not explained this defense. As such, Synamedia is not in a position to identify its elements.

<u>Elements Required to Establish DIRECTV's Defense 8 (Failure to Comply with Condition Precedent)</u>

1. The SSA contains a condition precedent to be performed by Synamedia before Synamedia's contractual right accrues or DIRECTV's contractual duty to perform arises;
2. The condition precedent did not occur; and

3. The non-occurrence of the condition was not excused by DIRECTV's conduct.

Cal. Civ. Code § 1436; *JMR Constr. Corp. v. Env't Assessment & Remediation Mgmt., Inc.*, 198 Cal. Rptr. 3d 47, 65–66 (Cal. App. 2015), *as modified on denial of reh'g* (Jan. 28, 2016).

Elements Required to Establish DIRECTV's Defense 9 (Arbitration)

1. DIRECTV had a right to compel arbitration;
2. DIRECTV had knowledge of its right to compel arbitration;
3. DIRECTV did not waive its right to compel arbitration through intentional acts that are inconsistent with that right.

*Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023); *Morgan v. Sundance, Inc.*, 596 U.S. 411, 416–18 (2022).

Elements Required to Establish DIRECTV's Defense 10 (Standing for Copyright Infringement)

1. Synamedia is not the legal or beneficial owner of an exclusive right under copyright TX0005640023.[11]

17 U.S.C. § 501.

Elements Required to Establish DIRECTV's Defense 12 (License Under SSA)

1. DIRECTV has not explained this defense. As such, Synamedia is not in a position to identify its elements.

Elements Required to Establish DIRECTV's Defense 17 (Middleware Agreement, Section 14(b))

1. DIRECTV complied with the Middleware Agreement and SSA;
2. Synamedia's claims fall within the types of claims enumerated in Section 14(b) of the Middleware Agreement.

---

[11] Synamedia has filed a motion in limine seeking to preclude DIRECTV from raising this defense and any associated evidence at trial in Phase 1. *See* Dkt. 426.

Middleware Agreement, § 14(b).

Elements Required to Establish DIRECTV's Defense 18 (Preemption)

1. Synamedia's claims are preempted by an applicable statute or other law.[12]

**F. Key Evidence in Opposition to DIRECTV's Counterclaims and Defenses**

Key Evidence in Opposition to Counterclaim 1 (Judicial Declaration that DIRECTV Has Not Waived Its Contractual Right to Declare a Transition)

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief b.

Key Evidence in Opposition to Counterclaim 2 (Judicial Declaration that DIRECTV Validly Declared a Transition)

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief a.

Key Evidence in Opposition to Counterclaim 3 (Breach of Contract: Failure to Participate in Transition or Provide Additional Transition Services or other Conditional Access Services)

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief a and c, and Synamedia's Claim 5.
- Trial testimony, including, but not limited to, from Paul Segre, Lucy Norris, and Aaron Fimbres that Synamedia fulfilled PO No. 30766490 under protest, with reservation of rights.
- Documents reflecting that Synamedia delivered [redacted] under protest, preserving its rights.

Key Evidence in Opposition to Counterclaim 4 (Judicial Declaration that DIRECTV Has a Perpetual Right and License to Synamedia's Intellectual Property Rights)

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief e.

Key Evidence in Opposition to Counterclaim 5 (Breach of Contract: Failure to Acknowledge or Act Consistently with DIRECTV's Perpetual Right and License)

[12] Synamedia does not understand the basis of DIRECTV's preemption defense.

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief e.

Key Evidence in Opposition to Counterclaim 10 (Breach of Contract: Failure to Perform Through Resolution of Dispute-Resolution Process)

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief a and c, and Synamedia's Claim 5.
- Trial testimony, including, but not limited to, from Paul Segre, Lucy Norris and Aaron Fimbres regarding the parties' dispute resolution discussions regarding the claims at issue as well as Synamedia's fulfillment of PO No. 30766490 under protest, with reservation of rights.
- Documents reflecting that Synamedia delivered SIMs cards under protest, preserving its rights.
- SSA, amendments thereto, and the dispute resolution correspondence.

Key Evidence in Opposition to Counterclaim 11 (Judicial Declaration that DIRECTV Has License and Use Rights to Middleware Software and Deliverables in Perpetuity)

- Evidence cited in support of Synamedia's Claims 6 and 7.

Key Evidence in Opposition to Counterclaim 12 (Judicial Declaration that DIRECTV Validly and Timely Renewed the Middleware Development and License Agreement)

- Evidence cited in support of Synamedia's Claims 6 and 7.

Key Evidence in Opposition to Counterclaim 13 (Judicial Declaration that Synamedia Is in Breach of the Middleware Development and License Agreement)

- Evidence cited in support of Synamedia's Claims 6 and 7.

Key Evidence in Opposition to DIRECTV's Defense 2 (Estoppel and Unclean Hands)

- Evidence in support of Synamedia's Claim 4;
- Deposition testimony from Daryl Messenger, Brian Regan, and Henry Derovanessian that when DIRECTV declared a Transition, it intended to

continue to operate the existing CA system without developing new CA technology.

Key Evidence in Opposition to DIRECTV's Defense 3 (Waiver, Acquiescence, Justification)

- Trial testimony, including, but not limited to, from Paul Segre, Lucy Norris, and Aaron Fimbres that Synamedia did not agree that DIRECTV's Transition Declaration was valid, objected, and only fulfilled PO No. 30766490 under protest, with reservation of rights.
- Documents reflecting Synamedia's prompt objection to the Transition Declaration.

Key Evidence in Opposition to DIRECTV's Defense 6 (Terms of the Agreements)

- Evidence cited in support of Synamedia's Claims 3 and 7.

Key Evidence in Opposition to DIRECTV's Defense 8 (Failure to Comply with Condition Precedent)

- Trial testimony, including, but not limited to, from Paul Segre, Lucy Norris, and Aaron Fimbres that Synamedia complied with the dispute resolution process under the SSA;
- Documents reflecting that Synamedia complied with the dispute resolution process under the SSA.

Key Evidence in Opposition to DIRECTV's Defense 9 (Arbitration)

- Documents and trial testimony that DIRECTV did not attempt to initiate arbitration at any point;
- SSA.

Key Evidence in Opposition to DIRECTV's Defense 10 (Standing for Copyright Infringement)

- Trial testimony from Ismat Levin regarding Synamedia's ownership of copyright TX0005640023;

- Documents reflecting the assignment of the SSA to Synamedia Americas LLC with DIRECTV's approval;
- Documents reflecting Synamedia's ownership of copyright TX0005640023.[13]

<u>Key Evidence in Opposition to DIRECTV's Defense 12 (License Under SSA)</u>

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief e, and Synamedia's Claim 7.

<u>Key Evidence in Opposition to DIRECTV's Defense 17 (Middleware Agreement, Section 14(b))</u>

- Evidence cited in support of Synamedia's Claim 3, Declaratory Relief a–c, and Claims 4–7.

<u>Key Evidence in Opposition to DIRECTV's Defense 18 (Preemption)</u>

- DIRECTV has not explained this defense. As such, Synamedia is not in a position to identify additional evidence it will introduce in opposition to this defense beyond what is already identified above.

**G. Third Parties**

There are no third-party claims.

**H. Anticipated Evidentiary Issues**

1. Synamedia has raised certain evidentiary issues in its pending motions in limine.

**I. Issues of Law**

1. Phase 1 involves contract interpretation issues as reflected in the recent summary judgment motion practice.

## II. <u>Bifurcation of Issues [L.R. 16-4.3]</u>

This case has already been bifurcated. Phase 1 involves adjudication of the "parties' claims, rights, and obligations under the SSA, the Middleware Agreement,

---

[13] Synamedia has filed a motion in limine seeking to preclude DIRECTV from raising this defense and any associated evidence at trial in Phase 1. *See* Dkt. 426.

and the Umbrella Agreement (and any associated agreements and amendments)." Dkt. 73 at 10–11; *see also id.* at 10 ("[T]he parties propose bifurcating issues in this matter such that issues related to interpretation of the SSA, the Middleware Agreement, and the Umbrella Agreement are subject to discovery and adjudication by summary judgment and bench trial first."). Phase 2 covers the parties' contract damages and "other claims (including damages related thereto)." *Id.* at 11; *see also* Dkt. 113 (confirming the case is bifurcated into Phase 1 and Phase 2 as set forth in the Joint Rule 26(f) Report).

Synamedia has moved in limine to preclude DIRECTV from raising its Tenth Defense—that Synamedia allegedly "lacks standing to assert claims for copyright infringement or has failed to join a necessary plaintiff in this action" (Dkt. 269 at 25)—and introducing any evidence or argument in connection therewith in the trial for Phase 1. *See* Dkt. 426.

## III. Jury Trial [L.R. 16-4.4]

The parties have agreed that no issues are triable to a jury.

## IV. Attorneys' Fees [L.R. 16-4.5]

Synamedia will be seeking attorneys' fees to the extent it prevails in the Phase 1 trial under Section 13.4 of the SSA, which provides that "[t]he prevailing party in any dispute subject to this Section 13.4"—which includes "[a]ny dispute concerning Intellectual Property Rights, violation of license rights, Transition or Termination"—"as determined by the judge, shall be entitled to recover its reasonable attorneys' fees and costs."

## V. Abandonment of Issues [L.R. 16-4.1]

As noted above, Synamedia is not asserting the following defenses in Phase 1, but reserves the right to assert them in Phase 2: Defense 3 (Laches), Defense 5 (Unclean Hands), Defense 6 (Justification), and Defense 10 (Statute of Limitations). Synamedia also reserves the following claims for Phase 2: Claim 1 (Trade Secret Misappropriation Under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*);

Claim 2 (Trade Secret Misappropriation Under California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*); one component of Claim 3 (for a declaration that DIRECTV's use of Synamedia's intellectual property after July 31, 2024, including use of the [redacted] delivered in connection with Purchase Order No. 30766490, constitutes misappropriation of Synamedia's trade secrets and infringement of Synamedia's copyright TX0005640023); and Claim 8 (Direct Copyright Infringement, 17 U.S.C. § 101 *et seq.*).

Dated: April 21, 2026

JENNER & BLOCK LLP

By: ______________________

Julie A. Shepard
Andrew A. Rohrbach
Andrew G. Sullivan
Madeline P. Skitzki
Kristen Green

*Attorneys for Plaintiff and Counterdefendant Synamedia Americas LLC*