**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SYNAMEDIA AMERICAS LLC, a Delaware limited-liability company,<br>Plaintiff,<br>v.<br>DIRECTV, LLC, a California limited-liability company,<br>Defendant. | Case No. 2:24-cv-04967 GW (MAAx)<br>**FINAL PRETRIAL CONFERENCE ORDER**<br>Pre-Trial Conf.: May 4, 2026<br>Time: 8:30 a.m.<br>Action Filed: June 12, 2024 |
| DIRECTV, LLC,<br>Counterclaimant,<br>v.<br>SYNAMEDIA AMERICAS LLC,<br>Counterdefendant. | |

Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. P. and L.R. 16, IT IS ORDERED:

1. The parties are:

- Plaintiff and Counterdefendant, Synamedia Americas LLC ("Synamedia"); and
- Defendant and Counterclaimant, DIRECTV, LLC ("DIRECTV").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Synamedia's Third Amended Complaint (Dkt. 255), DIRECTV's Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint and Counterclaims (Dkt. 269), and Synamedia's Answer and Affirmative Defenses to DIRECTV's Counterclaims (Dkt. 281).

2. Federal jurisdiction and venue are invoked upon the grounds:

- Diversity jurisdiction under 28 U.S.C. § 1332, as Synamedia and DIRECTV are citizens of different states, and the amount in controversy exceeds $75,000. Synamedia is a Delaware limited-liability company headquartered in Georgia, and DIRECTV is a California limited-liability company headquartered in California.
- Federal question jurisdiction over the trade secret misappropriation claims and copyright claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 18 U.S.C. § 1836 *et seq*., and supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.
- The Court has personal jurisdiction over the parties, and venue is proper because the parties consented to venue in state and federal courts in California, among other reasons.

3. The trial is estimated to take 7 trial days.

4. The trial is to be a non-jury trial.

5. Under L.R. 52-1, each party is required to lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial. Synamedia's position is that the parties should not file proposed findings of fact and conclusions of law in light of the Court's Order at the April 13, 2026 hearing requiring the parties to file closing statements after the close of trial proceedings. In the alternative, Synamedia asks that the Court extend the deadline to file the findings of fact or conclusion of law from May 4, 2026—the day of the Final Pretrial Conference—to May 6, 2026, so the filing can better incorporate the Court's rulings from the conference. DIRECTV's position is that the proposed findings of fact and conclusions of law required by L.R. 52-1 will assist the Court in the presentation of evidence and greatly improve trial efficiency. Synamedia requests that the Court issue an order resolving this dispute.

6. Pursuant to the Court's Standing Order for Final Pretrial Conferences (Dkt. 58), the parties will file stipulations of facts under separate cover.

<u>Synamedia:</u>

(a) Synamedia plans to pursue the claims and defenses set forth in Section I.A. of the Memorandum of Contentions of Fact and Law Synamedia filed on April 21, 2026 (Dkt. 502-1).

(b) The elements required to establish Synamedia's claims and defenses are set forth in Section I.B. of the Memorandum of Contentions of Fact and Law Synamedia filed on April 21, 2026 (Dkt. 502-1).

(c) In brief, the key evidence Synamedia relies on for each of the claims is set forth in Section I.C. of the Memorandum of Contentions of Fact and Law Synamedia filed on April 21, 2026 (Dkt. 502-1).

DIRECTV:

(a) DIRECTV plans to pursue the counterclaims and affirmative defenses set forth in Section I.d. of the Memorandum of Contentions of Fact and Law DIRECTV filed on April 21, 2026 (Dkt. 498).

(b) The elements required to establish DIRECTV's counterclaims and affirmative defenses are set forth in Section I.e. of the Memorandum of Contentions of Fact and Law DIRECTV filed on April 21, 2026 (Dkt. 498).

(c) In brief, the key evidence DIRECTV relies on for each counterclaim and affirmative defense is set forth in Section I.f. of the Memorandum of Contentions of Fact and Law DIRECTV filed on April 21, 2026 (Dkt. 498).

7. All discovery for "Phase One" is complete.

8. All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by the Court's Standing Order and L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed with objections on the joint exhibit list.

9. Witness lists of the parties have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment or on rebuttal).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

- Henry Derovanessian
- Aaron Fimbres
- Ajmair Heer
- Michael Krenik
- Ismat Levin
- Daryl Messenger

- Lucy Norris
- Abraham Peled
- Brian Regan
- Sergei Rosenberg
- Paul Segre

The parties have filed their objections to deposition testimony under separate cover as required by the Court's order.

10. The following law and motion matters and motions in limine, and no others, are pending or contemplated:

- Synamedia's Motion in Limine No. 1 to Permit Ismat Levin to Be in the Courtroom During Trial (Dkt. 423)
- Synamedia's Motion in Limine No. 2 to Allow Dr. Abraham Peled to Testify via Videoconference (Dkt. 424)
- Synamedia's Motion in Limine No. 3 to Exclude Evidence and Argument regarding [Redacted] (Dkt. 425)
- Synamedia's Motion in Limine No. 4 to Preclude DIRECTV, LLC from Raising its Tenth Defense (Dkt. 426)
- DIRECTV's Second Motion in Limine to Exclude Evidence Regarding the Escrow Account Being Closed Purportedly Due to DIRECTV's Non-Payment (Dkt. 419)[1]
- DIRECTV's Third Motion in Limine to Exclude Evidence Regarding DIRECTV's "D1" Smart Card Purportedly Being a Knock-Off or Copy of NDS's "P4" Smart Card or Otherwise Employing NDS Technology (Dkt. 422).

---

[1] DIRECTV's First Motion in Limine to Exclude Evidence Regarding Knowledge of Synamedia's Affiliates Outside India, Workers Located Geographically in India, or General Presence in India (Dkt. 418) was mooted by the Court's decision granting summary judgment to Synamedia on Count 8 of DIRECTV's Counterclaims (Dkt. 458).

11. Bifurcation of the following issues for trial is ordered: the trial in "Phase One" concerns the "parties' claims, rights, and obligations under the SSA, the Middleware Agreement, and the Umbrella Agreement (and any associated agreements and amendments)," while "other claims (including damages related thereto)" are reserved for "Phase Two" (Dkt. 73 at 10–11).

12. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: ___________, 2026

______________________________
The Honorable George H. Wu
United States District Judge

Approved as to form and content.

JENNER & BLOCK LLP

By: ______________________________
Julie A. Shepard
Andrew A. Rohrbach
Andrew G. Sullivan
Madeline P. Skitzki
Kristen Green

*Attorneys for Plaintiff and Counterdefendant Synamedia Americas LLC*

BAKER & HOSTETLER LLP

By: */s/ Christina J. Moser*

Christina J. Moser
cmoser@bakerlaw.com
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114

Jeremy Kai Len Chai
jchai@bakerlaw.com
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067

Michael Patrick Brown
mpbrown@bakerlaw.com
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036

Lisa N. Collins (*pro hac vice*)
lncollins@bakerlaw.com
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309

Kevin P. Flynn (*pro hac vice*)
kflynn@bakerlaw.com
Scott A. Skiles (*pro hac vice*)
sskiles@bakerlaw.com
312 Walnut Street, Suite 3200
Cincinnati, OH 45202

*Attorneys for Defendant and Counterclaimant DIRECTV, LLC*

* Pursuant to Local Rule 5-4.3.4, the filer hereby attests all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.