JENNER & BLOCK LLP
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Andrew G. Sullivan (SBN 301122)
agsullivan@jenner.com
Madeline P. Skitzki (SBN 318233)
mskitzki@jenner.com
Kristen Green (SBN 328618)
kgreen@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:   +1 213 239 5100
Facsimile:    +1 213 239 5199

JENNER & BLOCK LLP
Andrew A. Rohrbach (admitted *pro hac vice*)
arohrbach@jenner.com
1155 Avenue of the Americas
New York, NY  10036-2711
Telephone:   +1 212 891 1600
Facsimile:    +1 212 891 1699

*Attorneys for Plaintiff and Counterdefendant
Synamedia Americas LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SYNAMEDIA AMERICAS LLC, a Delaware limited-liability company,<br><br>                              Plaintiff,<br><br>         v.<br><br>DIRECTV, LLC, a California limited-liability company,<br><br>                              Defendant. | Case No. 2:24-cv-04967 GW (MAAx)<br><br>**PLAINTIFF SYNAMEDIA AMERICA LLC'S SUBMISSION IN RESPONSE TO MAY 14, 2026 ORDER**<br><br>Judge:  The Honorable George H. Wu<br>Ctrm:   9D, 9th Floor<br><br>Action Filed:  June 12, 2024 |
| DIRECTV, LLC,<br><br>                              Counterclaimant,<br><br>         v.<br><br>SYNAMEDIA AMERICAS LLC,<br><br>                              Counterdefendant. | |

Plaintiff and Counterdefendant Synamedia Americas LLC ("Synamedia") addresses below the Court's question: what are the parties' rights and obligations, if any, if on July 31, 2024, (1) the Security Services Agreement ("SSA") expired through no fault of anyone and assuming no valid Transition; and (2) the 2011 Middleware Development and Licensing Agreement ("MWA") expired through no fault of anyone.

## I.    SSA (Exhibit 30) and Statement of Work ("SOW") (Exhibit 30A)

DIRECTV has no rights to Synamedia's conditional access technology after expiration of the SSA and must stop using it, as DIRECTV's right to use Synamedia's technology is limited to the Term.  Section 9.1.1 grants DIRECTV a license to "NDS IPR which are reasonably required for DIRECTV's full and unrestricted exercise and enjoyment, direct and indirect, unless expressly limited herein, of all rights and obligations contemplated by this Agreement *during the Term* and prior to declaration of Transition."  "NDS IPR" is defined broadly in the SSA. SSA § 1 ("NDS IPR").  Similarly, Section 9.5.1 prohibits DIRECTV from using Synamedia's "Licensed Technology" except as "expressly permitted by this Agreement or by applicable Law." "Licensed Technology" encompasses "all technology" "included or incorporated in" "DIRECTV's Conditional Access Segment supplied by NDS including the Verifier, CAMs, software used in the CAMC or in the head end systems, ROM mask used in the CAMs, [and] tools," among other things. SSA § 1 ("Licensed Technology").  DIRECTV does not have the use license provided under Section 9.1.1 after the Term, *i.e.*, upon expiration.

Certain provisions of the SSA provide rights to DIRECTV after the Term, but only in specific instances that do not apply where the SSA simply expires.  Section 9.1.2 provides a perpetual license after the Term to DIRECTV only upon "termination," which requires a material breach.  And any post-expiration rights and obligations in Article 18 (Transition) arise only where there has been a valid

1

Transition, as those rights and obligations are intended to facilitate that Transition. Those rights do not apply to allow a takeover.

Accordingly, after expiration, the SSA provides DIRECTV with no rights to continue using Synamedia's conditional access technology. Neither the SSA nor any agreement extending it to 2024 contain payment provisions for DIRECTV's continued use post-expiration, but the SSA does permit Synamedia to pursue litigation and remedies.

## II.    MWA (Exhibit 34)

The MWA specifies that certain rights are limited to "during the Term" whereas other are "in perpetuity." Key rights granted to DIRECTV but limited to the Term are Section 6.3(a)(i)(1) and (i)(9), which include DIRECTV's rights to activate, deploy, manufacture, or have manufactured new set-top boxes. Section 6.3(a)(i)(1) grants DIRECTV the right to "make, have made, reproduce, use, import, export, sell, offer for sale, rent, lease, offer for lease, distribute, download, maintain, and otherwise exploit the Middleware Software and Deliverables solely in DIRECTV Products" only "[d]uring the Term." "'DIRECTV Product' means a DIRECTV authorized set top box or other similar satellite television receiving equipment (including the DVR, HMC, clients or gateway)." *See* MWA, Exhibit A. Section 6.3(a)(i)(9) similarly limits DIRECTV's right to exploit Synamedia's IPR "contained in or necessary to use the Deliverables as set forth in this Agreement" to "[d]uring the Term." Those rights cease upon expiration.

The MWA does, however, have a set of perpetual licenses set forth in Sections 6.3(a)(i)(2), (3), (4), (5), (8). Those licenses involve specific items and interfaces in set-top boxes to allow for the continued use of the middleware in set-top boxes that were already deployed in the field before the expiration of the Term. Under the MWA, as amended and extended, Synamedia has no obligations post-expiration. Nor does the MWA contain payment provisions for DIRECTV's continued deployment of Synamedia's middleware, so such use was required to cease.

Dated: May 15, 2026                    JENNER & BLOCK LLP


By: */s/ Julie A. Shepard*
Julie A. Shepard
Andrew A. Rohrbach
Andrew G. Sullivan
Madeline P. Skitzki
Kristen Green

*Attorneys for Plaintiff and
Counterdefendant
Synamedia Americas LLC*

SUBMISSION IN RESPONSE TO MAY 14, 2026 ORDER