Christina J. Moser (S.B.N. 199027)
cmoser@bakerlaw.com
Michael Brown (S.B.N. 328579)
mbrown@bakerlaw.com
Jeremy Chai (S.B.N. 335250)
jchai@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310.820.8800
Facsimile:  310.820.8859

Lisa N. Collins (Admitted *pro hac vice*)
lncollins@bakerlaw.com
BAKER & HOSTETLER LLP
1170 Peachtree Street NE, Suite 2400
Atlanta, GA 30309-7676
Telephone:  404.459.0050
Facsimile:  404.459.5734

Additional Counsel Listed on Signature Page

*Attorneys for Defendant and Counterclaimant DIRECTV, LLC*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SYNAMEDIA AMERICAS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC,<br><br>Defendant.<br><br>———<br><br>DIRECTV, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>SYNAMEDIA AMERICAS LLC,<br><br>Counterdefendant. | Case No.: 2:24-cv-04967-GW-MAAx<br><br>*Honorable George H. Wu*<br><br>**DIRECTV, LLC'S STATEMENT REGARDING EXPIRATION OF THE SSA** |

DIRECTV can maintain and use DIRECTV's custom Conditional Access Segment ("CAS") it jointly developed and paid for over thirty years ago; purported expiration of the Security Services Agreement (Ex. 30; "SSA") does not affect that right. DIRECTV has a perpetual license to the CAS if the SSA expires; Transition allows a head start and guaranteed cooperation. By law, a party that commissions a computer system that is delivered to them has an implied perpetual license to use what they paid for.[1] The Parties' 1992 agreements at the creation of the CAS are consistent.[2] The Parties intended DIRECTV's rights to the CAS to be perpetual because DIRECTV was creating an entire business with a bespoke security system and could not risk being locked into a single vendor.

The Conditional Access License and Services Agreement (Ex. 36; "CALS") terminated the 1992 agreements and superseded the prior license provisions, *see* Ex. 36 at 2, with an **"irrevocable, perpetual"** license under Synamedia's intellectual property to use the technology to provide the DIRECTV Service, *see id.* at § 3.1.1. The CALS describes DIRECTV's perpetual license as certain "exemplary" rights, including to use the technology to operate the CAS. *Id.* at § 3.1.5(b). Under § 3.6.5.1(c), DIRECTV could access Source Code "[d]uring any Transition Period…and upon termination **or expiration**" of the CALS.

The SSA governs the provision of Conditional Access **_Services_** and provides a **_perpetual, post-Term_** license to any intellectual property "reasonably required for DIRECTV's full and unrestricted exercise and enjoyment, direct and indirect, unless expressly limited herein, of all rights and obligations contemplated by this Agreement, including the right to use and make derivative works of any head end software and systems, and the Verifier."[3] Ex. 30 at § 9.1.2. The SSA's broad perpetual license includes the middleware due to Synamedia creating it for

---

[1] *Asset Marketing Systems, Inc. v. Gagnon*, 542 F.3d 748, 754–57, 58 (9th Cir. 2008) (perpetual license in delivered software and "the license included access to any trade secret embodied therein.").

[2] *See* Ex. 503 at § 6.4; Ex. 502 at § 13.2 ("Transition" was the period prior to expiration during which DIRECTV could seek a replacement for NDS).

[3] *See also* Ex. 30 at § 18.2.1.

1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DIRECTV to be functionally interconnected with DIRECTV's CAS.[4] The Parties also agreed to perpetual licenses for certain functionality and uses in advance under the 2005 and 2011 Middleware Agreements, which reference back to the SSA.[5]

SSA § 9.1.2's wording "[u]pon termination of this Agreement pursuant to its terms" should be interpreted consistent with the Parties' enduring intent: if DIRECTV wants to use the CAS it commissioned in 1992, it has the right to do so. The word "termination" is used throughout the SSA both in its ordinary meaning[6] and to refer to ending the SSA prior to the end of Term.[7] The meaning in SSA § 9.1.2 should be read in the context of the entire phrase: "termination of this Agreement pursuant to its terms." Interpreting "termination" here to solely mean termination due to Breach makes the rest of the phrase, "pursuant to its terms," entirely redundant. It also ignores termination for force majeure under SSA § 16. Moreover, because it is not limited to termination by DIRECTV, DIRECTV could itself Breach and thereby claim perpetual rights. If the Parties intended to convey that only Breach triggers a perpetual license, they would have used the defined word "Breach." "Termination" is not a defined word. Tellingly, the SSA lacks any language obligating DIRECTV to cease use of NDS IP after the Term.[8] This, too, shows the Parties' true intent. DIRECTV owns the CAMs it purchased outright and has a perpetual and irrevocable license for the CAS (including source code) since 1999 and for the middleware since 2005 and 2011.

---

[4] Out of an abundance of caution, DIRECTV renewed the Middleware Development and License Agreement (Ex. 510) through July 31, 2028; it did not expire.

[5] *See, e.g.*, Ex. 510 at §§ 6.3(a)(i)(2)–(5), (8) (perpetual licenses), § 6.3(a)(i)(4) and 14(b) (SSA incorporation); Ex. 35 (same).

[6] *See* TERMINATION, Black's Law Dictionary (12th ed. 2024).

[7] *See, e.g.*, Ex. 30 at § 21.3 ("provided that the termination of this Agreement shall be without prejudice to any obligations or rights of either Party which have accrued prior to termination or expiration." The first termination clearly means both expiration and termination given the context. Ms. Levin also admitted to the dual meanings, claiming "mistakes happen." *See* Trial Tr. at 260:9–16, May 12, 2026.

[8] According to Synamedia's expert, this is the best practice. "IT professionals generally assume software rights terminate with the contract, but the law isn't clear. Just to be safe, providers should make sure the contract specifies license termination and explicitly requires that the customer stop *using* the software." David W. Tollen, THE TECH CONTRACTS HANDBOOK, 3d ed. 2021, p. 265. *See* Trial Ex. 718.

Dated:        May 15, 2026

Respectfully submitted,

BAKER & HOSTETLER LLP


By:      */s/ Christina J. Moser*
Christina J. Moser (S.B.N. 199027)
cmoser@bakerlaw.com
Jeremy Chai (S.B.N. 335250)
jchai@bakerlaw.com
Michael Patrick Brown (SBN 328579)
mpbrown@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:   310.820.8800
Facsimile:    310.820.8859

Lisa N. Collins (*pro hac vice*)
lncollins@bakerlaw.com
BAKER & HOSTETLER LLP
1170 Peachtree Street NE, Suite 2400
Atlanta, GA 30309
Telephone:   404.459.0050
Facsimile:    404.459.5734

Kevin P. Flynn (*pro hac vice*)
kflynn@bakerlaw.com
Scott A. Skiles (*pro hac vice*)
sskiles@bakerlaw.com
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone:   513.929.3400
Facsimile:    513.929.0303


*Attorneys for Defendant and Counterclaimant DIRECTV, LLC*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for DIRECTV, certifies this statement contains 803 words, which complies with the word limit of L.R. 11-6.1.

/s/ Christina J. Moser
Christina J. Moser (S.B.N. 199027)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

## PROOF OF SERVICE

### *Synamedia Americas LLC v. DIRECTV, LLC*
### Case No. 2:24-cv-04967-GW-MAAx

I, Jeremy K. Chai, declare:

I am employed in Los Angeles, CA. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4301. On May 15, 2026, I served a copy of the within document(s):

### DIRECTV, LLC'S STATEMENT REGARDING EXPIRATION OF THE SSA

☐      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐      by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☑      by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date.

| | | |
|---|---|---|
| Julie A. Shepard<br>jshepard@jenner.com<br>Andrew Gregory Sullivan<br>agsullivan@jenner.com<br>Madeline Paige Skitzki<br>mskitzki@jenner.com<br>Kristen Green<br>kgreen@jenner.com<br>**Jenner and Block LLP**<br>515 South Flower Street,<br>Suite 3300<br>Los Angeles, CA 90071 | Sriya L. Chadalavada<br>SChadalavada@jenner.com<br>Mitchell L. Denti<br>MDenti@jenner.com<br>Alec J. Kirmser<br>AKirmser@jenner.com<br>**Jenner and Block LLP**<br>353 N. Clark Street<br>Chicago, IL 60654 | Andrew A. Rohrbach<br>ARohrbach@jenner.com<br>**Jenner and Block LLP**<br>1155 Avenue of the<br>Americas<br>New York, NY 10036 |

*Attorneys for Plaintiff and Counterdefendant Synamedia Americas LLC*

I declare under penalty of perjury under the laws of the State of California the above is true and correct.

Executed on May 15, 2026, at Los Angeles, California.

/s/ *Jeremy K. Chai*
Jeremy K. Chai

BAKER & HOSTETLER LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

5